VOYTECEK ET AL., APPELLANTS, *v.* THE PEOPLES SAVINGS BANK CO., APPELLEE.

(Decided May 17, 1940.)

*Messrs. Dixon & Dolfi,* for appellants.
*Mr. G. D. Kinder* and *Mr. William V. Frazier,* for appellee.

PHILLIPS, J.  Briefly and substantially plaintiffs alleged in their amended petition that on the 29th day of July, 1933, for a consideration of $4,600, the defendant, an Ohio banking corporation, conveyed to them by deed of general warranty, free and clear of all encumbrances except certain named taxes, a parcel of real estate situated within the corporate limits of Martins Ferry in Belmont county, through which at that time there ran a natural watercourse, which extended in a northeasterly direction from Seabright's lane in Martins Ferry to the Ohio river, which had existed without interruption for more than thirty years, and

through which there flowed a large volume of water, and which was hidden from view by a covering of concrete, earth and sod, of which they had no knowledge and were not advised of at the time of purchase, and which was a valid and subsisting encumbrance against the property; and that on December 30, 1937, the top and sides of the watercourse beneath the buildings on their property collapsed resulting in damage to the foundation of the buildings thereon and to personal property in a total amount of $1,705, for which amount they prayed damages against the defendant.

Defendant's demurrer to plaintiffs' amended petition was overruled, and by answer it admitted its corporate identity, the conveyance of the real estate in question by deed of general warranty, the existence of the natural watercourse as alleged by plaintiffs, and generally denied each and every other fact stated, averment made and allegation set forth in plaintiffs' amended petition.

Both parties waived trial by a jury and submitted the case to the court upon plaintiffs' amended petition, defendant's answer, plaintiffs' reply and upon the evidence. Defendant's motions for judgment on the pleadings and for judgment in its favor at the close of plaintiffs' case and at the close of all the evidence were overruled, and upon hearing the lower court found for the defendant, and it is from the judgment of that court entered upon that finding that plaintiffs appealed to this court on questions of law.

The evidence disclosed that the natural watercourse mentioned in plaintiffs' amended petition has its source in the highlands west of the corporate limits of Martins Ferry which it enters in the vicinity of Seabright's lane at Eighth street and extends in a general easterly or northeasterly direction across the city of Martins Ferry to the Ohio river on the east, and has existed substantially in its present condition for nearly fifty years; that it is a natural "living stream of water"

which, as the city has developed and streets have been improved, was covered at various places by the city and private owners, without change in course, size or volume of water flowing through it.

The evidence further disclosed that Harry Coleman acquired the real estate in dispute in October, 1922; that prior thereto the bed of the stream had been lined with concrete, flat rock or similar material, and covered with concrete and dirt by a prior owner from the point where the city of Martins Ferry had paved the street in front of the property to the place where it left it; that thereafter he constructed a dwelling thereon, parts of which were situated over the watercourse; that on the 20th day of December, 1932, Coleman conveyed the property to the defendant without advising it of the existence of the watercourse, or the construction of a part of the house built over it, and of which it had no knowledge; and that on December 30, 1937, the top and sides of the watercourse beneath the buildings collapsed resulting in damage to them and to personal property.

Plaintiffs claim that the existence of the watercourse upon their property constitutes a valid and subsisting encumbrance against the physical condition of their property, of which they had no knowledge and of which they were not advised by defendant at the time of purchase, and of the existence of which they were entitled to know, and that defendant's failure so to advise them renders it liable in damages to them.

As stated by the trial judge in his written opinion, "incumbrance or encumbrance as it applies herein means anything that impairs the use or transfer of real estate; any thing which constitutes a cloud on the title or burden or charge upon the real estate itself." See, also, 20 Corpus Juris, 1250.

Presented then for consideration is the question whether the watercourse under all of the conditions of this case is such an encumbrance on or against plain-

tiffs' property as is comprehended and covered by the warranty and covenant in defendant's deed to plaintiffs.

Defendant cited the case of *Kleinberg* v. *Ratett,* 252 N. Y., 236, 169 N. E., 289, as a case in which the physical facts are similar to those in the case at bar.

There the parties entered into a written contract by the terms of which plaintiff agreed to purchase and defendant to convey to him a parcel of land, by deed of general warranty, free and clear from all encumbrances, except the encumbrance of a specified mortgage.

Upon execution of the contract plaintiff made a down payment upon the purchase price of the land in accordance with the terms thereof, but refused to pay the balance on the ground that since the execution of the agreement he had discovered that a natural stream of water, or small brook, crossed the lot from south to north, encompassed in a 24-inch pipe, laid four feet under ground, which from a point one block south of the parcel sold was a "living stream of water" which flowed northerly through open fields and was at all times visible and which after leaving the parcel of land sold passed in a culvert under a village street, upon leaving which it resumed its natural character and continued its flow to the north and west in an open stream visible to every passerby.

Plaintiff in the *Kleinberg case, supra,* sued for rescission of the contract, which was denied, but the court refused to compel specific performance thereof and held that land is not subject to an easement by reason of the fact that a brook has been piped across a lot for a period of less than 20 years and title thereto is free from encumbrance, in that the owner of land could remove the pipe and restore the stream to its ancient channel in accordance with the rights of upper or lower proprietors to have the stream proceed across

their land in its natural course with undiminished flow.

"Superficial or subterranean watercourses, not the subjects of grant or prescription, are not legal encumbrances, since nature itself, rather than man's contrivance, is responsible for their origin." *Kleinberg* v. *Ratett, supra.*

The instant case is distinguishable from the foregoing case only in the respects that here both parties were ignorant of the existence of the watercourse which was not at all times and in all places visible. Otherwise the facts in both cases are similar.

In the instant case plaintiffs' property was not subject to an easement by reason of the fact that the water had crossed their land through a culvert for a period of less than twenty-one years and title thereto was free from encumbrance for the reason that plaintiffs could remove the covering and lining of the bed and sides of the stream and restore it to its ancient channel in accordance with the rights of upper or lower proprietors to have the stream proceed across their property in its natural course with undiminished flow.

We believe as the trial court found that "this natural stream or watercourse as it existed at the date of the execution of the deed by defendant, or as it now exists, is not such an encumbrance on this real estate as is comprehended and covered in the warranty and covenant in the deed."

"Since the right of a proprietor to the flow and fall of water on his own land is not an easement, but is inseparably connected with an interest in the land, the exercise of such right below certain granted premises in accordance with a previous appropriation is not an encumbrance within the meaning of a covenant against encumbrances, and the exercise of the right to have a natural stream flow freely over the land of a lower proprietor is not such an encumbrance upon the land below as will sustain an action for breach of the cov-

enant against encumbrances in a conveyance of such land." 15 Corpus Juris, 1277, Section 124.

No case was made showing fraud or deceit on the part of the defendant, which may have induced the sale to the plaintiffs.

The plaintiffs therefore were not entitled to damages in this action, and we believe the lower court was correct in this finding and its judgment should be and hereby is affirmed.

*Judgment, affirmed.*

NICHOLS, P. J., and CARTER, J., concur.