## WILSON v. DUNCAN.

1.  **Highways** : DITCHES : CUTTING OFF ACCESS TO ADJOINING LAND :
    INJUNCTION.    Plaintiff sought to enjoin the construction of a ditch
    for surface water on the side of the highway next to his land, on
    the ground that the water would in time wash the ditch so deep as
    to cut off access to his land without the construction of bridges.
    But it appearing that a small outlay of money would be sufficient
    to prevent the washing, and that the expense of the necessary
    bridges would not be great, and that the future convenience of the
    public might require such expense to be incurred, *held* that an
    order absolutely enjoining the construction of the ditch was not
    warranted.

2.  ——— : LOCATION OF DITCH : PRESCRIPTIVE RIGHT OF ADJOINING
    OWNER.    The fact that a ditch for the accommodation of surface
    water, flowing in part from plaintiff's land, has been maintained
    for more than ten years on the side of the road farthest from his
    land, does not give him a prescriptive right to have it forever
    maintained there.

*Appeal from Clarke District Court.*—HON. J. W.
HARVEY, Judge.

FILED, MAY 22, 1888.

ACTION.in equity to enjoin the defendant, who is a road supervisor, from removing a culvert from a highway, and from constructing a ditch in. the highway adjoining plaintiff's farm. Judgment for plaintiff, and defendant appeals.

*McIntire Bros.*, for appellant.

*W. P. Tallman* and *W. M. Wilson*, for appellee.

REED, J.—Plaintiff's farm is situated on the east side of the highway which runs north. and south. The land on the west side of the road opposite to plaintiff's farm is owned by Robert Pitt. Both of the farms are nearly level, affording but slight opportunity for drainage. The north part of plaintiff's farm, however, owing either to its natural shape or the manner in which it has been cultivated, drains onto the highway, and the surface water which accumulates on a tract immediately north of it flows across the northwest corner of it into the road. Many years ago the road supervisor of the district constructed a culvert in the highway immediately opposite the northwest corner of plaintiff's farm, through which the water flowed, and found its way onto the northeast part of the Pitt farm, from which it flowed onto the land north of that. The then owner of the Pitt farm, for the purpose of preventing it from flowing onto his premises, constructed a slight dam opposite the mouth of the culvert; and the road supervisor, for the purpose of draining it from the highway, constructed a ditch from that point south, along the west side of the highway, to a slough or depression which crosses the highway, draining a portion of plaintiff's land onto the Pitt farm. Subsequently that culvert was removed, and another was constructed about midway between that point and the slough, and the highway was graded in such manner that the water flowing onto it from the portion of plaintiff's farm north of the new culvert was conducted on the east side of the

*Margin note:* 1. HIGHWAYS : ditches : cutting off access to adjoining land : injunction.

road, and passed through the culvert into the ditch. In time, the ditch was washed out to a considerable depth, and began to encroach upon the traveled portion of the highway ; and defendant, for the purpose of protecting the road, and of satisfying Pitt, who complained that he was being injured by the ditch, removed the culvert, and constructed another ditch on the east side of the road from that point to the slough, so that all the water which would flow into the highway from plaintiff's land north of the slough would be conducted to it along the side of the road next to his premises. Plaintiff then brought this action, alleging as his ground of complaint that, if the water was conducted on that side of the road, it would in time wash out a ditch in front of his premises so deep that he would be compelled to maintain bridges in order to have access to the highway. The order for a temporary injunction provided that he might replace the culvert, and close the ditch from that point to the slough, and that has been done. The final judgment restrains defendant and his successors in office from removing the culvert or reopening the ditch on the east side of the road, and commands them to keep open the one on the west side as a passage-way for the water. While the action was pending, the legislature passed an act which forbids road supervisors to do any act in opening or repairing the highways which will have the effect " to destroy or injure the ingress or egress to any property, or to turn the natural drainage of the surface water to the injury of the adjoining owners."

If it could be said that the removal of the culvert and the reopening of the ditch would necessarily have the effect to injure or destroy the ingress to plaintiff's property, or otherwise injure his premises, it would follow, perhaps, that the judgment ought to be affirmed ; for it is the doing of those acts in the future that is inhibited by the judgment, and they would be forbidden by the statute. But that is not shown. The evidence clearly shows, we think, that by the outlay of a small amount of money and labor the washing out of the ditch can be

prevented, and that the cost of constructing and maintaining the bridges necessary to afford convenient and safe passage between plaintiff's premises and the highway would not be great; and it may occur in the future that the public safety or convenience will demand that these expenses be incurred, rather than that the water should continue to be conducted on the other side. So that the judgment ought not to be sustained in all of its provisions, unless it can be said that plaintiff has the absolute right to have the water conducted on the opposite side of the highway from his premises. The ditch had

2. —— : location of ditch : prescriptive right of adjoining owner.

been maintained on that side for more than ten years, and it was contended that plaintiff has a prescriptive right to have it continued. But, very clearly, he has no such right. The water being mere surface water, he has the right to have it flow unobstructed from his premises. He has the right also to have it so cared for by the adjoining proprietor, onto whose premises it flows from his own, that his premises will not thereafter be injured by it. But this is the extent of his right, and he has no interest in the manner of its disposition after that. The judgment will be so modified as to forbid the removal of the culvert or the reopening of the ditch, except upon the conditions here indicated; and this modification will be made in this or the district court, as the parties may elect.        MODIFIED AND AFFIRMED.