SAMUEL KLEINBERG et al., Respondents, *v.* MORRIS RATETT, Appellant.

(Argued October 14, 1929; decided November 19, 1929.)

*Charles H. Ticknor* for appellant. There is no person or corporation having an easement upon the premises contracted to be conveyed. (*Archer* v. *Archer*, 84 Hun, 287; *Scriver* v. *Smith*, 100 N. Y. 471; *Albany Garage Co.* v. *Munson*, 218 App. Div. 240; 245 N. Y. 613; *Matter of Van Etten* v. *City of N. Y.*, 226 N. Y. 483; *Olney* v. *Colluloo Park Co.*, 182 App. Div. 560.) The pipe itself does not constitute an incumbrance. (*Foster* v. *Scott*, 136 N. Y. 577.)

*A. W. Hendrickson* for respondents. A stream of water flowing upon the surface of the land is not an incumbrance but rather an incorporeal part of the lands. (*Barkley* v. *Wilcox*, 86 N. Y. 140.) The stream of water flowing in a pipe line through the premises and four feet under ground, is an incumbrance upon the property. (*Amsterdam Knitting Co.* v. *Dean*, 162 N. Y. 278.) The presence of the pipe line and stream therein constitute a legal incumbrance. (*Prescott* v. *Trueman*, 4 Mass. 627; *Forster* v. *Scott*, 136 N. Y. 577; *McMullin* v. *Wooley*, 2 Lans. 394; *Rea* v. *Minkler*, 5 Lans. 196; *Wetmore* v. *Bruce*, 118 N. Y. 319.)

KELLOGG, J. The plaintiffs and the defendant entered into a written contract whereby the former agreed to buy and the latter agreed to sell a plot of ground in the village of Mount Kisco, N. Y. The contract called for the delivery of a deed containing covenants, warranting the title to be free from all incumbrances, except the incumbrance of a specified mortgage. On the execution of the contract the plaintiffs made a down payment of $2,000, in compliance with the contract terms. At the time of closing, the plaintiffs refused to perform on the ground that a natural stream of water, or small brook, crossed

the lot from south to north, encompassed in a twenty-four inch pipe laid four feet under ground. That such was the fact appears from the allegations of the complaint which were admitted by the answer, and from the agreement of counsel made upon the trial. It further appears that, from a point one block south of the parcel sold, the brook is " a living stream of water which flows northerly through open fields," and is at all times visible; that, after crossing the parcel in question, it passes, in a culvert, under a village street; that after leaving the culvert it resumes its natural character and continues its flow to the north and west as an open stream visible to every passerby. It does not appear that the brook, as piped, pursues a course across the lot which is other than the course of its natural channel; that it has been lowered or lifted from its natural bed; that the owner of the lot has done other than to provide a conduit for the brook to pass through at the level and in the course of its natural flow. Furthermore, it does not appear that the pipe was laid pursuant to any agreement with the upper or lower owners, or that it has constituted an artificial conduit for the natural brook for a greater period than twenty years. It does not appear, therefore, that the riparian owners above or below have acquired any right by grant or prescription, against the owner of the lot, to have the pipe maintained upon the premises to provide an artificial waterway. The plaintiffs alleged and proved that they were unaware of the existence of the brook when they executed the contract, and that the defendant was silent in regard thereto. The plaintiffs demanded judgment for the return of their down payment and for the rescission of the contract. The defendant by his answer prayed that the plaintiffs be required specifically to perform the contract. The Appellate Division directed judgment in favor of the plaintiffs for the amount of the down payment.

Superficial or subterranean watercourses, not the sub-

jects of grant or prescription, are not legal incumbrances, since nature itself, rather than man's contrivance, is responsible for their origin. True, the owner of land over or through which a natural stream flows may not divert or dam it back, to the injury of the upper or lower proprietor. The former possesses the natural right to have the stream discharge itself through its ancient channel, while it is the latter's right to have the stream come down to him in undiminished flow according to its established wont. In a sense these rights restrict and burden the use of the intermediate land. Nevertheless, since they are not man-made but natural rights, they constitute neither easements nor encroachments. (Washburn on Easements & Servitudes [4th ed.], p. 24; Angell on Watercourses, § 90; *Stokoe* v. *Singers*, 8 El. & Bl. 31; *Johnson* v. *Jordan*, 2 Metc. 234; *Scriver* v. *Smith*, 100 N. Y. 471; *Matter of Van Etten* v. *City of New York*, 226 N. Y. 483.) In *Stokoe* v. *Singers*, ERLE, J., said: " The right to the natural flow of water is not an easement, but a natural right." In *Johnson* v. *Jordan*, Chief Justice SHAW said of the right of an upper owner to have a stream come to and pass from his land without obstruction: " It is inseparably annexed to the soil, and passes with it, not as an easement, nor as an appurtenance, but as parcel." In *Matter of Van Etten* v. *City of New York*, COLLIN, J., said: " The right of the owner of riparian land to the natural flow of water in a stream along the land is a corporeal hereditament and is an incident to and is annexed to the land as part and parcel of it. It is not, and is more than, an easement." In *Scriver* v. *Smith*, EARL, J., said: " Such rights have some semblance to easements, and no harm or inconvenience can probably come from classifying them as such for some purposes. But they are not in fact real easements." Again, he said: " Would any of the usual covenants in a deed be violated because a natural stream of water flowed through the land and the upper owners, therefore, had an easement in such land? Clearly not."

In our case the only rights exercisable over the land in question by the upper or lower proprietors are rights to have the stream proceed across the land in its natural course with undiminished flow. There obtains no right, in either proprietor, to have the stream flow through the artificial conduit which has been provided. The owner of the land may with impunity remove the pipe and restore the stream to its ancient channel. Such being the case, the land is subject to natural rights but not to an easement, and the title is free from incumbrance. Consequently, in tendering title to the plaintiff, the defendant offered full performance of his contract obligations, and no right of action for moneys had and received, as upon a failure of consideration, accrued to the plaintiffs whereby the moneys might be recovered.

No case was made showing fraud or deceit on the part of the defendant, which may have induced the bargain made. The plaintiffs were, therefore, not entitled to have the contract rescinded. However, the plaintiffs were ignorant of the presence of an underground watercourse, while the defendant was well aware thereof, and great hardship will result if the contract be specifically enforced. While, therefore, this court, in the exercise of its equitable powers, may not grant rescission of the contract, it may stay its hand, and refuse its mandate of specific performance, and that course it has determined to pursue.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Judgments reversed, etc.