THE WATER POWER AND CONTROL COMMISSION, Plaintiff, *v.* THE NIAGARA FALLS POWER COMPANY, Defendant.

Supreme Court, Special Term, Albany County, February 2, 1938.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor-General,* and *Timothy F. Cohan, Assistant Attorney-General,* of counsel], for the plaintiff.

*LeBoeuf, Winston, Machold & Lamb [Randall J. LeBoeuf, Jr.,* of counsel], for the defendant.

SCHENCK, J.   Defendant moves, pursuant to the provisions of section 183 of the Civil Practice Act and rule 146 of the Rules of Civil Practice, for a change of place of trial of the above-entitled action from Albany county to Niagara county, on the ground that the action is to procure a judgment affecting an interest in real property and, therefore, must be tried in the county where the real property is situated.

Primarily the action brought by plaintiff Water Power and Control Commission is to restrain the defendant from withdrawing from the waters of Niagara river more than 4,900 cubic feet per second of water without first applying for and receiving a license for any additional diversion over said 4,900 cubic feet per second. The prayer for relief also seeks an adjudication of the rights of the defendant and of the State with reference to the diversion of the flow of water and that certain legislative acts under which the defendant claims the right to divert water be declared illegal and that it be declared that the State is the owner of the bed and waters of the Niagara river and holds such waters and land under water in trust for all the people of the State.

The defendant is the riparian owner of lands along the Niagara river and claims the right to divert and utilize this flow of water by reason of its riparian rights as owner of the banks of the stream; from certain acts of the Legislature which purported to grant and confirm to it the right to divert water, and from patents of land in the bed of the stream where certain of its structures are located.

The only matter before the court on this motion is whether or not this is an action affecting an interest in real property under the provisions of section 183 of the Civil Practice Act. This section in so far as it is pertinent here reads as follows:

" Each of the following actions in the Supreme Court must be tried in the county in which the subject of the action or some part thereof is situated: * * *

" 9. Every other action to recover or to procure a judgment establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest in real property or a chattel real."

The Niagara river is a navigable stream, the thread, or center line, of which is the boundary between the United States and Canada, and is in every sense a public river. The fact that at the location of defendant's plant the river is not navigable does not change its general character. (*Niagara Falls Power Co.* v. *Water Power & Control Comm.*, 267 N. Y. 265.)

The complaint alleges in paragraph 11 that the State is the sovereign and proprietary owner of the bed and waters of the Niagara river and has the paramount and inalienable right to use the flow of the stream. Paragraph 12 alleges that the waters and flow of the river and the soil under them are held by the State in trust for the benefit and use of all of the People. Paragraphs 14 and 15 refer to chapter 968 of the Laws of 1896, whereby the Legislature confirmed and defined certain riparian rights of the Niagara Falls Hydraulic Power and Manufacturing Company,

a predecessor of the defendant and to whose rights the defendant has succeeded. Paragraphs 16 and 17 refer to chapter 513 of the Laws of 1892 and chapter 477 of the Laws of 1893, which paragraph 18 of the complaint characterizes as purporting " to make perpetual grants to the Niagara Falls Power Company, a predecessor of the defendant, to whose rights the defendant has succeeded, of the waters of the Niagara River." The complaint alleges that these statutes are unconstitutional.

There is clearly a dispute as to the right, title and interest to the flow of the waters appurtenant to defendant's land. If the right to flow of water in a stream is real property, then this action must be tried in Niagara county. In determining the rights of a riparian owner, the Court of Appeals has held that the right to the flow of water in a stream is real property. (*Matter of Van Etten* v. *City of New York*, 226 N. Y. 483.) COLLIN, J., writing for the court, said (at p. 486): " The right of the owner of riparian land to the natural flow of water in a stream along the land is a corporeal hereditament and is an incident to and is annexed to the land as part and parcel of it. It is not, and is more than, an easement. The right is usufructuary. It is properly classified at common law, equally with the land itself, as real property."

In *Johnston* v. *Jordan* (43 Mass. 234) the court held that the flow " is inseparably annexed to the soil, and passes with it, not as an easement, nor as an appurtenance, but as parcel."

The *Van Etten* case was followed in *Kleinberg* v. *Ratett* (252 N. Y. 236).

The navigability of the river does not affect the riparian owner's rights. (*United P. B. Co.* v. *Iroquois P. & P. Co.*, 226 N. Y. 38.) In that case the opinion of the court reads (at p. 46): " The navigability of the river or the ownership of the soil over which the waters flow neither increase nor diminish rights of such a nature. They are at no point of the discussion here connected with the right of navigation or other public right or with the occupation or use of the bed of the stream. The right to the use of the water of a flowing stream, navigable or unnavigable, arises by mere operation of law as incident to the ownership of the bank and is a part of the estate of its owner." (See, also, *International Paper Co.* v. *United States*, 282 U. S. 399.)

The plaintiff makes reference to *Thompson* v. *Attica Water Company*, [1881] 1 N. Y. Civ. Proc. Rep. 368), which was a motion for a change of venue in a situation somewhat similar to the present motion. There it was held that the flow of a stream was not an interest in the realty. Since that Special Term decision the Court

of Appeals has determined otherwise in the *Van Etten* case and the other authorities here referred to.

The subject-matter of this action clearly involves the determination of an interest in real property and must be tried in the county in which said real property is located, *i. e.*, Niagara county.

Submit order. No costs.