ANNA DUENOW AND ANOTHER v. WALTER LINDEMAN
AND ANOTHER.[1]

May 2, 1947.

No. 34,339.

---

[1]Reported in 27 N. W. (2d) 421.

506

*Philip L. Scherer,* for appellants.
*Einar A. Rogstad* and *T. O. Streissguth,* for respondents.

PETERSON, JUSTICE.

Defendants, having moved to vacate the judgment entered against them by default and for leave to answer, appeal from the order denying their motion.

There are three questions for decision: (1) Whether defendants can raise for the first time on appeal the question whether they were entitled under § 543.16 to notice of the proceedings in which the judgment was entered; (2) whether a default judgment is void for want of jurisdiction where the complaint alleges a cause of action for wrongfully interfering with the natural drainage and flowage of surface waters from plaintiffs' lands across defendants' lands into a drain way thereon for which defendants' predecessor in title had substituted part of the way a tile and open ditch of depth and width

not described, and the judgment determines not that the plaintiffs were entitled to such a right of natural drainage and flowage of surface waters, but that they were entitled to an easement by prescription to drain the surface waters from their lands into the tile and open ditch on defendants' lands, to maintain the ditch at a depth of five feet and at the width of its original construction, and to repair and clean the same; and (3) whether defendants were entitled to relief from their default in not answering because of the fact that their reason for not answering was that they relied upon the advice of their attorney that an answer was not necessary because (a) the only matter involved in the litigation was plaintiffs' right to remove an obstruction to the flow of surface water through the tile and open ditch, which had in fact been removed by plaintiffs under the terms of a temporary injunction; (b) the trial judge had stated in open court upon the hearing of the motion for the temporary injunction that the complaint did not state a cause of action for permanent relief; and (c) under the circumstances plaintiffs were not entitled to any permanent relief.

The complaint alleges that plaintiffs' lands lie to the north and east of those of defendants; that the surface waters from plaintiffs' lands naturally drain and flow therefrom across those of defendants; that, while it is not expressly so alleged, the allegations of the complaint should be construed as alleging that the flow of the water across defendants' lands was through some sort of natural drain way for which their predecessor in title had substituted, about 26 years prior to the commencement of this action, a tile and open ditch part of the way along the course of the natural drain way for the purpose of more efficiently draining both defendants' and plaintiffs' lands; that defendants wrongfully obstructed the tile and open ditch by a deposit of hay and manure; and that as a consequence of such obstruction about 250 acres of plaintiffs' lands were flooded and rendered "worthless for crop[p]ing purposes." In their prayer for relief plaintiffs demanded that defendants be enjoined from obstructing the ditch and from interfering with plaintiffs in removing the obstruction that had been placed there.

At the commencement of the action plaintiffs moved for a temporary injunction authorizing them immediately to remove the obstruction. The summons, complaint, and notice of motion for the temporary injunction were served at the same time upon defendants. At the hearing of the motion, on July 3, 1944, defendants were present in court with their attorney and consented to the granting of the temporary injunction upon condition that plaintiffs should remove the obstruction at their own expense. An order granting the temporary injunction was made accordingly. It recited that it was based upon stipulations made in open court "and shall not be binding as to the final relief in this action." Acting under the temporary injunction, plaintiffs removed the obstruction.

Defendants did not answer, demur, or give plaintiffs written notice of their appearance. On October 17, 1944, the case came on to be heard as upon default. It so happened that defendants' attorney was present in the courthouse in connection with other business. He was requested to go before the trial judge, which he did. Thereupon the trial judge informed the attorney as to the nature and purpose of the hearing. Counsel stated to the judge that he doubted whether he had authority to represent defendants in the matter, but that on their behalf he objected to the taking of a default judgment against them for the reasons that the trial judge had stated upon the hearing of the motion for the temporary injunction that the complaint did not state a cause of action; that he, the attorney, had so informed defendants and that he had advised them that the only matter involved in the litigation was the right of plaintiffs to remove the obstruction from the ditch, which was disposed of by the temporary injunction and, acting thereunder, by plaintiffs' removal of the obstruction; that under the circumstances plaintiffs were not entitled to any permanent relief; and that an answer was not necessary. He made a motion for a continuance to give him an opportunity to confer with defendants and interpose an answer. The court granted him three days, but after further discussion this request was denied. Thereupon he withdrew, and the hearing proceeded. Find-

ings were made in favor of plaintiffs. On October 19, 1944, judgment was entered.

The judgment determined that prior to 1918 the natural drainage of surface waters from plaintiffs' lands was over and across those of defendants; that defendants' predecessor in title had constructed the tile and open ditch part way across defendants' lands into which the surface waters from plaintiffs' lands drained; and that plaintiffs had acquired by prescription a right or easement upon defendants' lands to maintain the tile and open ditch to a depth not to exceed five feet and to the width as originally constructed, without further statement as to what that fact was, and to repair and clean the ditch.

On January 31, 1945, defendants moved to vacate the judgment and for leave to answer. At the same time, they served a proposed answer specifically denying that plaintiffs had any right of natural drainage upon or across their lands. The motion, so far as it related to vacating the judgment, was based upon the ground that the judgment was void as attempting to determine that plaintiffs had a prescriptive right to maintain, repair, and clean the ditch, and so far as it related to leave to answer was based upon excusable neglect and perhaps surprise. Defendants on appeal claim that the motion was based also upon the ground that the judgment was irregular for failure of plaintiffs to notify them of the proceedings for judgment. This claim is based upon § 543.16, which provides:

"A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, after which he shall be entitled to notice of all subsequent proceedings therein. Until such appearance, notice of ordinary proceedings in the action need not be given."

Plaintiffs contend that, because defendants did not answer or demur and because they did not give plaintiffs *written notice* of their appearance, if any, defendants were not entitled to any notice. The contention is that this is a plain case of default.

The affidavit of defendants' attorney was to the effect that the only matter involved in the litigation was plaintiffs' right to remove the obstruction from the ditch; that the trial judge had stated upon the hearing of the motion for the temporary injunction that the complaint did not state a cause of action for any permanent relief; that the order granting the temporary injunction confirms this to be the fact; and that he advised defendants that because thereof it was not necessary for them to answer. Defendants by their affidavits showed that their attorney had informed them that the only matter involved in the litigation was plaintiffs' right to remove the obstruction from the ditch and that the trial judge had made the remark attributed to him; that their attorney had advised them that under the circumstances it was not necessary for them to answer; and that they relied on the advice. By the affidavits of several persons who heard what the trial judge said upon the hearing of the temporary injunction, plaintiffs contradicted defendants' attorney's version of the matter. But there was no contradiction of the facts, which consequently stand undisputed, that the attorney informed and advised defendants as they claimed and that, in reliance upon such information and advice, they did not answer.

■ A party is not entitled to raise a question for the first time on appeal. It is undisputed that defendants did not answer, demur, or give plaintiffs written notice of their appearance. The question whether, notwithstanding defendants' failures in these respects, they were entitled to notice of the proceedings in which default judgment was entered against them cannot be raised on appeal, because it was not raised below.

■ Whether the court had jurisdiction to render the judgment in question is to be determined by rules which we think are well settled. There can be no doubt that the court had jurisdiction of the parties and of the subject matter in the general sense that it had authority to hear and determine the class of cases to which the instant one belongs. But that is not enough; it is necessary that the court should have had authority also to decide the particular question which the judgment assumes to determine. As we held

in Sache v. Wallace, 101 Minn. 169, 172, 112 N. W. 386, 387, 11 L.R.A.(N.S.) 803, 118 A. S. R. 612, 11 Ann. Cas. 348:

"* * * 'Jurisdiction of the subject-matter' means, not only authority to hear and determine a particular class of actions, but authority to hear and determine the particular questions the court assumes to decide. * * * When the court goes beyond and outside the issues made by the pleadings, and in the absence of one of the parties determines property rights against him which he has not submitted to it, the authority of the court is exceeded, even though it had jurisdiction of the general subject of the matters adjudicated. Such a departure cannot be held a mere irregularity. This position is sustained both from the view point of our statutes upon the subject and under the rules and principles of the common law."

Not only must the court have jurisdiction to determine the particular question as a basis for the judgment, but the relief which may be awarded against a defendant who does not answer must be limited in kind and degree to that specifically demanded in the complaint, because of the provisions of § 548.01,[3] which read:

"As against a defendant who does not answer, the relief granted to plaintiff shall not exceed that demanded in the complaint. Against all others, he may have any relief consistent with the complaint and within the issue actually tried."

To grant relief by a default judgment different in kind or in excess of that demanded by the complaint is to grant relief which the statute has declared shall not be granted, and involves an exercise of power in excess of that authorized by the statute. In the Sache case we said (101 Minn. 173, 112 N. W. 388, 11 L.R.A.[N.S.] 803, 118 A. S. R. 612, 11 Ann. Cas. 348):

"* * * A judgment [by default] in violation of the statute cannot, therefore, be a mere irregularity to be cured by amendment, but [is] the exercise of power expressly withheld from the court, and consequently beyond its jurisdiction."

---

[3]See, M. S. A. § 548.01, and cf. Mason St. 1927, § 9392.

Our decisions applying the statute uniformly hold, as above indicated, that the relief grantable by a default judgment is limited in kind and degree to that specifically demanded in the complaint. Pilney v. Funk, 212 Minn. 398, 3 N. W. (2d) 792; 3 Dunnell, Dig. & Supp. §§ 4996, 5140.

It is of the utmost importance both as a matter of justice and of policy to observe the rules just announced. After all, parties to a lawsuit do not become subject to the court's power for all purposes, but only to the extent that judicial power is invoked by the issues raised to decide the particular questions such issues present for decision. Furthermore, a defendant should have the right to submit without contest to a judgment specifically demanded by the plaintiff in his complaint; and, where he so submits, the defendant should not be under an obligation to follow the proceedings to see to it that only such a judgment is taken against him, but should be protected in the assumption that only such a judgment can and will be granted. Sache v. Wallace, *supra;* Northern Trust Co. v. Albert Lea College, 68 Minn. 112, 71 N. W. 9.

The contention is made that, because we have held in cases like Keys v. Schultz, 212 Minn. 109, 2 N. W. (2d) 549, that the relief must be so limited, even though the allegations and proofs would justify other or greater relief, it makes no difference whether the question determined by the judgment is the same as the one raised by the complaint so long as the relief granted does not exceed that demanded in the prayer. Such an interpretation of our decisions misreads them. The court must have jurisdiction to decide the particular question it assumes to decide; the judgment must be limited to a determination of such questions; and, in addition, the relief granted by the judgment must not exceed that demanded in the complaint. As said in 31 Am. Jur., Judgments, § 516:

"* * * the general rule is that relief granted in a judgment by default must be, not only within the fair scope of the allegations of the complaint, but also within the fair scope of the prayer thereof."

This is the rule of Sache v. Wallace, and the other authorities cited *supra*.

Where plaintiff desires to have determined questions other than those raised by his complaint or where he desires to obtain relief different in kind or degree from that demanded therein, he should amend his complaint, serve it on defendant, and afford him an opportunity to defend against the matters brought in by the amendment. Plaintiff cannot, as against a defendant who has not answered, amend except as indicated, and the court cannot determine questions or grant relief proper only under an amendment except after such an amendment. Wilson v. City of Fergus Falls, 181 Minn. 329, 232 N. W. 322.

The case of LaRue I. Min. Co. v. Village of Nashwauk, 176 Minn. 117, 222 N. W. 527, is not contra, because that case is in full accord with the views here expressed concerning default judgments, and what we there said otherwise is limited by the decision to cases where the defendant has answered, issue has been joined, and there has been a trial resulting in judgment.

We think that the judgment here is void for want of jurisdiction upon the grounds (1) that it attempted to determine a question not presented by the complaint, viz., whether plaintiffs had an easement by prescription to drain their surface waters upon defendants' lands and to maintain, repair, and clean the tile and open ditch; and (2) that the relief granted was in excess of that demanded in the complaint, in that while the complaint neither alleged such prescriptive rights nor to a ditch five feet deep or of any particular width, the judgment determined that plaintiffs had a prescriptive right to maintain, repair, and clean a tile and open ditch on defendants' lands *five* feet deep and of the width of its original construction.

A natural right to drainage of surface waters from upper land over and across lower land is not man-made in the sense that it is the result of any act of the landowners, but springs from the fact that the law has adopted as the rights and duties of the parties the natural easements and servitudes which nature itself has imposed

upon the lands by placing them in their respective positions. Gray v. McWilliams, 98 Cal. 157, 32 P. 976, 21 L. R. A. 593, 35 A. S. R. 163; Scriver v. Smith, 100 N. Y. 471, 3 N. E. 675, 53 Am. R. 224; Kleinberg v. Ratett, 252 N. Y. 236, 169 N. E. 289; Notes, 10 Eng. R. C. 10. We recognized the principle here involved in cases involving a natural right to lateral support as between adjoining landowners. Sime v. Jensen, 213 Minn. 476, 7 N. W. (2d) 325; Braun v. Hamack, 206 Minn. 572, 289 N. W. 553, 129 A. L. R. 618. It is sometimes said, as in Miller v. Letzerich, 121 Tex. 248, 49 S. W. (2d) 404, 85 A. L. R. 451, cited by plaintiffs, that such a natural right has every essential quality of an easement. Generally speaking, that is true, but a natural right to flowage or drainage is not a true easement. The authorities generally agree that a natural right of the kind here involved is different from an easement. 3 Tiffany, Real Property (3 ed.) § 714; 17 Am. Jur., Easements, § 17; 28 C. J. S., Easements, § 2. Such natural rights are not easements or appurtenances, but are part and parcel of the land itself. Kleinberg v. Ratett, *supra*.

A true easement is man-made. It arises from a grant or from prescription. See, Romans v. Nadler, 217 Minn. 174, 14 N. W. (2d) 482. Such an easement cannot arise from enjoyment of a natural right to flowage or drainage. Wilson v. Duncan, 74 Iowa 491, 38 N. W. 371; Cassidy v. Old Colony R. Co. 141 Mass. 174, 5 N. E. 142. The natural right to drainage is measured by the drainage according to the course of nature. The right to drainage under an easement is measured in the case of an express grant by the terms thereof, and in the case of a prescriptive easement by the extent of the adverse use for the period necessary to ripen into such a right. The duration of a natural right is forever, except where it is lost by act of the parties. That of an easement depends upon the terms of the grant. In certain cases an easement may be deemed abandoned through nonuser, but a natural right never.

While a natural right and an easement have some things in common, such as the fact that the rights of the upper tenement burden and restrict the use of the lower one and that the legal remedies for

enforcing such rights are the same in fact situations like the instant one, a natural right (as has been said) is not the same as an easement. As said in Kleinberg v. Ratett, *supra,* where the matter was exhaustively considered (252 N. Y. 239, 169 N. E. 290):

"* * * In a sense these rights [right to flowage of a brook] restrict and burden the use of the intermediate land. Nevertheless, since they were not man-made but natural rights, they constitute neither easements nor encroachments. (Washburn on Easements & Servitudes [4th ed.], p. 24; Angell on Watercourses, § 90; Stokoe v. Singers, 8 El. & Bl. 31; Johnson v. Jordan, 2 Metc. 234 [37 Am. D. 85]; Scriver v. Smith, 100 N. Y. 471, 3 N. E. 675, 677, 53 Am. R. 224; Matter of Van Etten v. City of New York, 226 N. Y. 483, 124 N. E. 201, 202.) In Stokoe v. Singers, ERLE, J., said: 'The right to the natural flow of water is not an easement, but a natural right.' In Johnson v. Jordan, Chief Justice SHAW said of the right of an upper owner to have a stream come to and pass from his land without obstruction: 'It is inseparably annexed to the soil, and passes with it, not as an easement, nor as an appurtenance, but as parcel.' In Matter of Van Etten v. City of New York, COLLIN, J., said: 'The right of the owner of riparian land to the natural flow of water in a stream along the land is a corporeal hereditament and is an incident to and is annexed to the land as part and parcel of it. It is not, and is more than, an easement.' In Scriver v. Smith, EARL, J., said: 'Such rights have some semblance to easements, and no harm or inconvenience can probably come from classifying them as such for some purposes. But they are not in fact real easements.' Again, he said: 'Would any of the usual covenants in a deed be violated because a natural stream of water flowed through the land and the upper owners, therefore, had an easement in such land? Clearly not.'"

Here, the complaint alleges no easement either in express terms or by fair implication. The word "easement" is not used. Nor are the words "grant" or "prescription." No equivalents are alleged. The complaint does allege, however, facts sufficient to show a natural

right of drainage of surface water from plaintiffs' lands over and across those of defendants' and the obstruction of that right by the deposit of hay and manure by defendants so as to prevent the water from running through the tile and open ditch. The allegations that the tile and open ditch had been constructed by defendants' predecessor in title more than 26 years prior to the commencement of the action and that the surface waters draining from plaintiffs' onto defendants' lands had been carried away through the ditch all the intervening years add nothing to the complaint. Such allegations are insufficient to show an easement, either by grant or prescription. In Kleinberg v. Ratett, *supra,* one of the questions was whether upper or lower landowners upon a stream acquired an easement to have maintained a conduit constructed across defendants' land in which the stream was confined. The court said (252 N. Y. 240, 169 N. E. 290) :

"In our case the only rights exercisable over the land in question by the upper or lower proprietors are rights to have the stream proceed across the land in its natural course with undiminished flow. There obtains no right, in either proprietor, to have the stream flow through the artificial conduit which has been provided. The owner of the land may with impunity remove the pipe and restore the stream to its ancient channel. Such being the case, the land is subject to natural rights but not to an easement, and the title is free from incumbrance."

The natural drainage of surface waters from the lands of an upper owner across those of a lower owner lacks all elements of prescriptive right, regardless of its duration. There is nothing adverse about it, because it is done in recognition of the rights of the parties arising from the natural situation of their lands. It makes no difference in such a case that the lower landowner has constructed artificial drains such as ditches and pipes to carry off the water after it has reached the land. The construction of the artificial drain is the act of the lower owner on his own land, not that of the upper owner thereon. Because that is true, there is no basis for a claim by the

upper owner of a prescriptive easement in such drains. Wilson v. Duncan, 74 Iowa 491, 38 N. W. 371, and Cassidy v. Old Colony R. Co. 141 Mass. 174, 5 N. E. 142, both *supra*. In the Cassidy case, Mr. Justice Holmes said (141 Mass. 179, 5 N. E. 143):

"It is suggested that the petitioner had acquired an easement of drainage through the sluiceway built under its road by the respondent. No such claim appears to have been made at the trial; but, if it had been made, it could not have been maintained, for no lapse of time gives a man a right to drain surface water in its natural state upon his neighbor's land; and the mere fact that, after it reaches that land, it escapes by a ditch, makes no difference. If the petitioner had had a ditch upon his own land, the discharge from which would have been a wrong, and actionable, acquiescence in the discharge for twenty years would have given him a right. But that is not this case."

Here, the judgment is void for want of jurisdiction because it assumes to determine without basis therefor in the complaint that plaintiffs had a prescriptive right to drain the surface waters from their lands into the tile and open ditch on defendants' land and to award relief upon the decision of that question; and further because, while the complaint contains no allegations about a ditch *five* feet deep or of a particular width, the judgment awards plaintiffs an easement to maintain, repair, and clean a tile and open ditch of that depth and the width as originally constructed. The judgment clearly departed from the complaint. It awards relief for which there is no basis therein.

■ Even though the judgment should be vacated, defendants would still be in default. We think that it appears as a matter of law that they should be relieved of the default and permitted to answer. Regardless of whether the trial judge stated at the hearing on the preliminary injunction, as defendants' counsel claims he did, that the complaint did not state a cause of action and that plaintiffs were not entitled to any permanent relief, the fact is that defendants relied upon the statement of their counsel that the trial judge had

made the statement and upon their attorney's advice that under the circumstances no answer was necessary. These plain and decisive facts were entirely overlooked by the trial judge in the dispute as to whether or not he made the statement attributed to him.

A litigant is not to be penalized for the neglect or mistakes of his lawyer. Courts will relieve parties from the consequences of the neglect or mistakes of their attorney, when it can be done without substantial prejudice to their adversaries. Davenport v. Sackett, 206 Minn. 69, 288 N. W. 167; Kennedy v. Torodor, 201 Minn. 422, 276 N. W. 650. This is such a case. Under the circumstances, defendants should not be precluded from being heard in their defense. Their proposed answer states a defense.

Reversed with directions to vacate the judgment and grant defendants leave to answer.

