Alan A. KRAL, Respondent,

v.

Ralph BOESCH, Appellant.

No. C9–96–1226.

Court of Appeals of Minnesota.

Dec. 24, 1996.

C. Thomas Wilson, Michael S. Dove, Gislason, Dosland, Hunter & Malecki, P.L.L.P., New Ulm, for Respondent.

Hugh T. Nierengarten, Nierengarten & Hippert, Ltd., New Ulm, for Appellant.

Considered and decided by KALITOWSKI, P.J., and CRIPPEN, and HARTEN, JJ.

## OPINION

HARTEN, Judge.

Respondent Alan Kral commenced this declaratory action against appellant Ralph Boesch asserting (1) that he was entitled to a prescriptive easement to drain surface water through drainage tile on the neighboring Boesch property, (2) that Boesch was obliged to restore the tile line, (3) that he was entitled to enjoin Boesch from future interference with the tile system, and (4) that Boesch be held liable for tile line repair and Kral's crop loss. Following a March 1, 1996 trial, the district court ordered judgment on findings of fact and conclusions of law denying Kral's demand for a prescriptive easement, but, by application of the doctrine of reasonable use, granting Kral injunctive relief and damages for crop loss due to flooding caused by the obstructed tile line.

Boesch moved for amended findings of fact and conclusions of law. On May 15, 1996, the district court denied the motion. Boesch appealed the judgment and Kral noticed review challenging the district court's determination that he was not entitled to a prescriptive easement.

## FACTS

Respondent Kral and appellant Boesch own neighboring tracts of Brown County farmland. During the spring of 1993, problems developed with drain tile located on the Kral property and connected to drain tile running across the Boesch property. The problems arose when LaRay Kral, respondent's father, created a channel to drain surface water from the Kral property to a tile intake bordering the parties' properties. The intake was a vertical span of tile standing about two feet above the ground. Kral apparently lowered this intake in order to allow the channel water to flow into it. Each party testified that he believed the intake was on his property; but neither party surveyed the property to determine the actual property line. When Boesch discovered the channel and modification of the intake, he raised the intake to keep water out. He also plugged the intake with cement, thereby completely blocking the flow of air and water through the tile system. Blocking the intake caused surface water to stand in three areas of the Kral property, which resulted in crop damage.

## ISSUES

1. Did the district court err in determining that respondent was entitled to relief under the reasonable use doctrine?

2. Did the district court properly award damages to respondent?

3. Did the district court err in deciding that the law governing prescriptive easements is inapplicable to the determination of Kral's right to drain surface water through Boesch's tile system?

## ANALYSIS

A district court's findings of fact will not be reversed on appeal unless clearly erroneous. Minn. R. Civ. P. 52.01. "The [district court's] findings on reasonable use will not be disturbed on appeal unless they are clearly erroneous." *Evers v. Willaby*, 444 N.W.2d 856, 859 (Minn.App.1989) (citing *Miles v. City of Oakdale*, 323 N.W.2d 51, 54 (Minn. 1982)). A clearly erroneous finding is one that is palpably and manifestly against the weight of the evidence. *Enderson v. Kelehan*, 226 Minn. 163, 169, 32 N.W.2d 286, 289–90 (1948) (involving surface drainage rights).

**1. Application of Reasonable Use Doctrine; Injunction**

Minnesota follows the "rule of reasonable use" with regard to diversion or obstruc-

tion of surface water. *Evers,* 444 N.W.2d at 859.

> [T]he rule is that in effecting a reasonable use for a legitimate purpose a landowner, acting in good faith, may drain his land of surface waters and cast them as a burden upon the land of another, although such drainage carries with it some waters which would otherwise have never gone that way * * * if
>
> (a) [t]here is a reasonable necessity for such drainage;
>
> (b) [r]easonable care be taken to avoid unnecessary injury to the land receiving the burden;
>
> (c) [t]he utility or benefit accruing to the land drained reasonably outweighs the gravity of the harm resulting to the land receiving the burden;
>
> (d) [w]here practicable, it is accomplished by reasonably improving and aiding the normal and natural system of drainage according to its reasonable carrying capacity, or if, in the absence of a practicable natural drain, a reasonable and feasible artificial drainage system is adopted.

*Duevel v. Jennissen,* 352 N.W.2d 93, 96 (Minn.App.1984) (quoting *Enderson,* 226 Minn. at 167–68, 32 N.W.2d at 289). In determining reasonableness, a court should consider the extent of harm caused, its foreseeability, and the landowner's motive for the action taken. *Miles,* 323 N.W.2d at 55. No one factor or circumstance is controlling and what is a reasonable use is a fact question to be resolved depending on the facts of each case. *Pell v. Nelson,* 294 Minn. 363, 366, 201 N.W.2d 136, 138 (1972).

■ Boesch does not challenge the district court's factual findings concerning reasonable use, but rather, he argues that the reasonable use doctrine should not be applied because the district court did not make provisions for increased use of the tile system or allocate costs for maintaining the system.

The reasonable use doctrine has been applied to allow a landowner to drain his land by ditching or tiling as long as the interference with the surface water is reasonable. *See id.* at 367, 201 N.W.2d at 139 (owner may drain surface water from property by tiling).

We have also extended the reasonable use doctrine to drainage systems (such as the one at hand) and held that a property owner has the right to drain his land into an adjoining owner's drainage system. *Evers,* 444 N.W.2d at 860.

■ In the instant case, the reasonable use doctrine answers each of Boesch's challenges to its application. Boesch's concern about Kral's increased burden on the system is governed by the reasonable use doctrine. It entitles Kral to drain water into the tile system, provided the drainage remains reasonable; Boesch has the burden of proving that Kral's use of the system is unreasonable. *See id.* (rule of reasonable use permits other landowners to subsequently attach to existing drainage systems as long as the use is reasonable; use is reasonable absent evidence of damage to neighboring owner's property). There was no evidence indicating that the additional water drained from the Kral property caused surface water problems on the Boesch property. Furthermore, the legal remedy for a downstream owner who is burdened by unreasonable drainage of surface water is an action for damages. *See Pell,* 294 Minn. at 367 n. 2, 201 N.W.2d at 139 n. 2 (liability for drainage of surface water is incurred only for unreasonable interference); *Sachs v. Chiat,* 281 Minn. 540, 545, 162 N.W.2d 243, 246 (1968) (quoting Stanley v. Kinyon & Robert C. McClure, *Interference With Surface Waters,* 24 Minn L.Rev. 891, 904 (1940)) ("Each possessor [of land] is legally privileged to make a reasonable use of his land, even though the flow of surface waters is altered thereby and causes some harm to others. He incurs liability only when his harmful interference with the flow of surface water is unreasonable"). A downstream owner may not obstruct a neighboring owner's access to a drainage system when the use of that drainage system is permissible under the reasonable use doctrine. *Duevel,* 352 N.W.2d at 97. Hence, the proper remedy for Boesch, were an appropriate claim to arise, would be an action for damages rather than obstructing Kral's use of the system. The district court recognized this by enjoining Boesch from future interference with the tile system.

■ We conclude that the district court properly applied the reasonable use doctrine to determine Kral's right to drain surface water into Boesch's tile drainage system and the district court's findings are supported by the evidence. We also conclude that the district court did not err by not allocating costs for maintenance of the system. Boesch neither alleged nor proved harm or costs caused by Kral's use of the tile line. In fact, the evidence indicates that Boesch had never repaired the tile line or had any problems with it until he obstructed it.

## 2. Damages for Crop Loss

■ Boesch claims that the district court erred in awarding damages for crop loss because it failed to determine the specific areas of Kral's property that became unproductive due to the tile obstruction. The evidence indicates that the obstruction flooded three areas of Kral's property, totalling 6.3 acres. Accordingly, the district court awarded crop damages for 6.3 acres of land. The district court's findings of fact concerning crop damage are supported by the evidence and are not clearly erroneous. *See* Minn. R. Civ. P. 52.01 (findings of fact not set aside unless clearly erroneous).

## 3. Prescriptive Easement

■ Kral's primary claim was for a prescriptive easement and other just and equitable relief. The district court determined that Kral was not entitled to a prescriptive easement because the basis for prescriptive easements does not apply to surface water. Kral filed a notice of review alleging that this determination was error. We disagree. The district court correctly found that Kral's use of the drainage system could not be supported by his prescriptive easement claim. *See Duenow v. Lindeman,* 223 Minn. 505, 513–14, 27 N.W.2d 421, 427 (1947) (explaining that the. drainage of surface water from one owner's upper land across a neighbor's lower land is a natural right and lacks all elements of a prescriptive easement).

## DECISION

The district court properly applied the reasonable use doctrine in permitting Kral's use of Boesch's tile system and in enjoining Boesch and assessing damages against him for tile line obstruction. The district court also correctly rejected Kral's prescriptive easement claim.

**Affirmed.**

CRIPPEN, Judge (concurring specially).

I concur in the result. But the importance of this case may lie more in what it does not decide than in the decision itself.

Subject to often-stated limits, a landowner may cast surface water onto the property of a neighbor. Although the reasonable use doctrine is clear in most of its parts, there is remarkably little authority to guide us on the question of draining surface water by directly connecting a tile line into an existing line of a neighbor.

The controversy here involves a tile line, running on respondent Kral's property and crossing onto appellant Boesch's land, that has been in place for several decades. The trial court's decision simply requires that the line be left as it has been. And appellant Boesch does not question Kral's right to connect to his tile; rather, he asks for relief due to increased use of the drain by Kral and the expenses he anticipates when his own system has to be repaired.

In sum, the case does not require a decision on respondent's right to connect his tile with the tile of his neighbor. Thus, for example, a decision in the case does not speak to the situation where a landowner is challenged immediately after connecting into the tile line of a neighbor. And it certainly does not deal with the more provocative suggestion that a landowner might have the freedom to cross a boundary line in order to tie into a tile line that the neighbor has constructed to a point near but short of the line.

In *Evers v. Willaby,* 444 N.W.2d 856 (Minn. App.1989), a landowner gained access to a neighbor's tile line by paying an intervening neighbor for the right to connect to the tile system. *Id.* at 858. In other words, access to the neighbor's line extended to a point beyond the neighbors's boundary and where the respondent landowner clearly had a right to make a connection. Like the present case,

*Evers* gives us no guidance on the right to make a boundary line connection to buried tile or to cross a boundary for such a connection.

One other point flows from the preceding description of the issues in the case. Respondent Kral has asked for prescriptive rights only to have the tile line restored to its condition before appellant obstructed the line. And appellant has not disputed respondent's rights to prior use of the existing tile line. Prescription law need not be determined to resolve the issues of the case, and an opinion on prescriptive rights is merely advisory. Moreover, *Duenow v. Lindeman,* 223 Minn. 505, 27 N.W.2d 421 (1947), discusses prescription law in the context of a claim for removal of a drainage obstruction; the case does not deal with the question of whether the right to preserve a tile line connection, at a boundary or even across it, might exist as a matter of prescriptive easement.