*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0743**

City of Plymouth,
Respondent,

vs.

Hildania Kristensen,
Appellant.

**Filed May 20, 2024**
**Affirmed; motion denied**
**Smith, Tracy M., Judge**

Hennepin County District Court
File No. 27-CV-21-8038

Jared D. Shepherd, John S. Brooksbank, Campbell Knutson, P.A., Eagan, Minnesota (for respondent)

Denis E. Grande, Zachary P. Armstrong, DeWitt LLP, Minneapolis, Minnesota (for appellant)

Considered and decided by Bratvold, Presiding Judge; Connolly, Judge; and Smith, Tracy M., Judge.

**NONPRECEDENTIAL OPINION**

**SMITH, TRACY M.**, Judge

In this code-enforcement action, appellant property owner Hildania Kristensen challenges the grant of summary judgment in favor of respondent City of Plymouth. In her principal brief, Kristensen argues that the district court made errors of law (1) in applying Plymouth's city code and (2) when it ordered injunctive relief requiring her to restore her

property to a condition that would allow water to flow across her backyard in accordance with the city's grading and erosion control plan. In her reply brief, Kristensen argues for the first time that the district court erred by granting summary judgment because genuine issues of material fact exist. The city moved to strike Kristensen's reply brief on the ground that it exceeds the scope of the city's response brief.

We conclude that the district court did not commit legal errors as argued by Kristensen. And, because we deem Kristensen's arguments in her reply brief forfeited, we do not consider whether the district court erred by concluding that there is no dispute of material fact. We therefore affirm summary judgment in favor of the city. We deny as moot the city's motion to strike Kristensen's reply brief.

**FACTS**

Kristensen is the owner of property located in a developed subdivision in Plymouth. Kristensen's property contains a single-family home, in which she resides, and is subject to a city-approved grading and erosion control plan.

Kristensen claims that her next-door neighbor to the east engaged in landscaping that caused flooding in her backyard. In August 2020, Kristensen constructed a nine-inch-tall earthen berm spanning most of the eastern edge of her property. The berm prevented water from flowing across Kristensen's property and caused significant flooding on her eastern neighbor's property that was inconsistent with the approved grading and erosion control plan.

In June 2021, the city served Kristensen with a summons and complaint alleging (1) a violation of Plymouth, Minnesota, Code of Ordinances (PCO) sections 425.01,

subdivision 1, and 21105.04 (2024), by causing flooding inconsistent with the approved grading and erosion control plan; and (2) a violation of PCO section 400.15 (2024), by creating a system or device designed to collect water that failed to discharge the water to the city's storm water drainage system.

The parties engaged in discovery. Kristensen failed to respond to the city's requests for admissions and therefore admitted certain facts. *See* Minn. R. Civ. P. 36.01 (providing that a matter included in a request for admissions "is admitted unless within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter"). Specifically, Kristensen admitted that the berm increased flooding on her neighbor's property, she knew that she required "[c]ity approval to regrade [her] property and alter the drainage pattern in place at that time," she regraded her property and created a trench and berm along her property line, and "the purpose of the [b]erm was to prevent water from flowing east to west across the backyard of [her neighbor's property] and into and across the backyard of [her property]."

In December 2022, the city moved for summary judgment. In support of its motion, the city submitted briefing, photographs, and an affidavit from the city's public works director. The city also relied on Kristensen's admissions. In January 2023, the district court held a summary-judgment hearing.

Kristensen did not file a brief in opposition to the city's summary-judgment motion before the hearing, but the district court allowed Kristensen to file a brief after the motion hearing. Kristensen ultimately submitted a motion and memorandum that is best

3

characterized as a request to continue the summary-judgment proceedings and to reopen discovery. Attached to Kristensen's brief were several documents. Responding to Kristensen's motion, the city argued that these documents should not be considered by the district court because they were not disclosed during discovery, and it opposed reopening discovery because Kristensen did not supply any specific reasons for why she failed to comply with discovery even after previously receiving a nearly four-month extension for discovery.

In March 2023, the district court issued an order granting summary judgment in favor of the city on both counts and ordering injunctive relief for the city requiring Kristensen to regrade her property in compliance with the city's grading and erosion control plan. The district court based its determinations of code violations on "the affidavits, admissions, and other supporting documentation submitted by [the city]."

In May 2023, Kristensen filed a notice of appeal. Kristensen requested a transcript of the January 2023 summary-judgment hearing, but it was discovered that there was an issue with the recording. As a result, the district court held a supplemental hearing in May 2023 to provide Kristensen with the opportunity to create a record of the arguments that she had previously made. During the supplemental hearing, Kristensen attempted to raise several new arguments opposing summary judgment. The district court did not consider the newly raised arguments, and it issued an order reaffirming the original order granting summary judgment.

On appeal, Kristensen represented herself when she submitted her principal brief challenging the district court's application of the law. In that brief, Kristensen did not

provide argument as to the existence of genuine disputes of material fact; rather, she raised only legal arguments. The city's response addressed only those legal arguments. Kristensen then retained counsel, who submitted a reply brief on her behalf arguing that the existence of genuine disputes of material fact precluded summary judgment. The city moved to strike Kristensen's reply brief, and this court referred the motion to this panel for resolution.

**DECISION**

Appellate courts review a district court's grant of summary judgment de novo. *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). In doing so, appellate courts "determine whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Id.*

Kristensen first argues that the district court erred by granting summary judgment determining that she violated the city code. In her principal brief, she argues that summary judgment is improper because the district court misapplied the law; in her reply brief, she argues that summary judgment is precluded because there are genuine issues of material fact.

Kristensen next argues that the remedy ordered is unlawful because it effectively establishes a drainage-ditch easement when one is not recorded on the plat drawing as required by Minnesota statutory law.

We address each argument in turn.

**I.    The district court did not err by granting summary judgment determining that Kristensen violated the city code.**

In her principal brief, Kristensen asserts that the code ordinances that she was determined to have violated do not apply because they are building code ordinances that apply to "construction" and she did not engage in construction. She further argues that the district court erred by granting summary judgment because she complied with PCO section 21185.01, subdivision 1 (2024), which allows individuals to move up to 50 cubic yards of landfill without a permit. In her reply brief, Kristensen argues that there are genuine issues of material fact that preclude summary judgment. We review Kristensen's arguments with respect to each code violation.

**A.    The district court did not err by concluding that Kristensen violated section 21105.04, with reference to section 425.01.**

The district court concluded that Kristensen violated section 21105.04 of the city code. That section provides that "[n]o land shall be developed and no use shall be permitted in the City that results in water runoff causing flooding, erosion, or deposit of sediment on adjacent properties which is inconsistent with the grading and erosion control plan provisions of Section 425 of the City Code." PCO § 21105.04. Section 425.01, in turn, requires that, before a grading or building permit is issued for construction, a satisfactory grading and erosion control plan must be approved by the city engineer. PCO § 425.01, subd. 1. There is no dispute that Kristensen's property was subject to an approved grading and erosion control plan. The district court concluded that it was undisputed that her actions caused flooding on an adjacent property inconsistent with that plan.

### 1. Application of Law

Kristensen argues in her principal brief that the grant of summary judgment on this violation was erroneous because, under section 21185.01, she did not need to get a permit to move the amount of landfill she used in construction of the berm. This argument is unpersuasive. Kristensen was not cited for violating section 21185.01—she was cited for violating a zoning ordinance against taking actions inconsistent with the grading and erosion control plan. Kristensen does not provide a compelling reason, nor can we discern one, as to why she would be relieved of the obligation to comply with section 21105.04 and the grading and erosion control plan simply because she did not also violate the permit requirement of section 21185.01.

Kristensen also argues that sections 21105.04 and 425.01 do not apply because the latter relates to the building code and her actions did not constitute "construction." But that argument misunderstands the relationship between these ordinances. Section 425 establishes the requirement of a grading and erosion control plan, which undisputedly exists in this case. Kristensen's violation is of section 21105.04, which is not part of the building code and does not use the term "construction."

We conclude that Kristensen has not demonstrated that the district court committed a legal error by concluding that she violated section 21105.04, with reference to section 425.01.

### 2. Genuine Issues of Material Fact

In her reply brief, Kristensen argues that there is a genuine issue of material fact as to whether her actions actually caused the flooding of her neighbor's yard, in violation of

section 21105.04. The city moved to strike Kristensen's reply brief as outside the scope of her principal brief and the city's response brief. First, we note that the record does not demonstrate that Kristensen raised this argument to the district court.[1] Generally, appellate courts will not consider issues not argued to and considered by the district court, and a party cannot "obtain review by raising the same general issue litigated below but under a different theory." *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Second, we conclude that Kristensen's argument goes beyond the scope of her principal brief and the city's response brief.[2] Kristensen's argument in reply violates the rules of civil appellate procedure and deprived the city of an opportunity to respond. *See* Minn. R. Civ. App. P. 128.02, subd. 3 (providing that reply briefs "must be confined to new matter raised in the brief of the respondent"). We therefore deem the argument forfeited and decline to address it.

---

[1] Kristensen's motion and memorandum in response to the city's motion for summary judgment merely asserted that summary judgment should be continued and that further discovery was required because the documents she submitted demonstrated that her neighbor's landscaping projects encroached on the drainage and utility easement, the "contour lines on the USGS map for [her] property [were] not adequate for residential drainage," and the grading and erosion control plan was not available in microfiche.

[2] In her response to the city's motion to strike, Kristensen contends that her arguments in reply were within the scope of the city's response brief because, in its brief, the city stated that the facts were "undisputed." This argument is unpersuasive. In its brief, the city identified the facts that the district court determined were undisputed, but the city's argument was limited to addressing the legal challenges that Kristensen raised in her principal brief. The city did not provide argument as to why the facts should be considered undisputed. Kristensen's reply brief therefore exceeded the scope of the city's response brief.

**B.    The district court did not err by concluding that Kristensen violated section 400.15.**

The district court also concluded that Kristensen violated section 400.15, which requires that systems or devices designed to collect water "be constructed . . . to discharge the water to the Storm Water Drainage System." It is undisputed that Kristensen's new berm system collects water and does not discharge it to the storm water drainage system.

**1.    Application of Law**

Kristensen argues in her principal brief that summary judgment on violation of section 400.15 is erroneous because, under section 21185.01, she did not need to get a permit to move the amount of landfill she used to create the berm. Like the other ordinances that Kristensen was cited for violating, section 400.15 is not a permit ordinance. Regardless of whether Kristensen needed a permit to move the amount of landfill she moved or not, she was still subject to the constraints of section 400.15.

But Kristensen also argues that section 400.15 does not apply because she was not engaged in "construction." Kristensen's argument that she did not engage in construction is not persuasive.

Kristensen notes that the Plymouth City Code adopts the Minnesota State Building Code.[3] *See* PCO § 400.01 (2024). She then cites to the state building code's chapter on "Types of Construction" to support her argument that she did not engage in construction. *See* Int'l Bldg. Code §§ 601-03 (Int'l Code Council 2018). But this chapter "control[s] the

---

[3] The Minnesota State Building Code adopts the 2018 International Building Code. Minn. R. 1305.0011, subp. 1 (2021); *see also* Minn. Stat. § 326B.106, subd. 1(a) (Supp. 2023) (authorizing the promulgation of rules to establish state building standards).

9

classification of buildings as to type of construction"—it does not define the term "construction." Int'l Bldg. Code § 601.1. And the state building code does not define "construction," it defines the specific term "construction types." Int'l Bldg. Code §§ 202, 602 (Int'l Code Council 2018).

The Plymouth City Code also does not define "construction." *See* PCO § 105.01 (2024) (definitions). The city code provides that "[w]ords and phrases used in this Code shall be interpreted and understood in accordance with common and accepted usage." PCO § 105.09, subd. 1 (2024). When a word is not defined, courts may look to dictionary definitions to ascertain the common and ordinary meaning of the word. *State v. Thonesavanh*, 904 N.W.2d 432, 436 (Minn. 2017). One dictionary defines "construction" as follows: "The act or process of constructing." *The American Heritage Dictionary of the English Language* 394 (5th ed. 2018). "Constructing" is in turn defined as follows: "To form by assembling or combining parts; build." Based on these definitions, Kristensen's creation of the berm constitutes construction. She has not demonstrated that section 400.15 does not apply to her. We therefore conclude that Kristensen has not shown that the district court erred by concluding that she violated section 400.15.

### 2. Genuine Issues of Material Fact

Kristensen's reply brief also asserts that there is a genuine issue of material fact as to whether her berm caused the flooding that prevented water from being discharged to the storm water drainage system. Again, this argument was not presented to the district court, and it goes beyond the scope of her principal brief and the city's response. For the same

reasons discussed in Section I.A.2 above, we decline to address Kristensen's arguments in reply.

## II. The district court's grant of relief was not unlawful.

As part of the injunctive relief granted to the city, the district court ordered that Kristensen "must specifically grade and fill the Property and restore its original grading consistent with the approved grading and erosion control plan" and that she "must ensure that storm water flows through [her] property and into the storm water drainage system." Kristensen argues that the court-ordered remedy violates the law because it functionally creates a drainage-ditch easement that is not recorded on the plat drawing of her property as required by Minnesota Statutes sections 505.01 to 505.33 (2022).

### A. Kristensen's argument is forfeited.

The city argues that Kristensen forfeited this challenge to the district court's order by failing to timely raise the argument before the district court. Appellate courts generally address only those questions previously presented to and considered by the district court. *Thiele*, 425 N.W.2d at 582. A party cannot raise a new issue on appeal, "[n]or may a party obtain review by raising the same general issue litigated below but under a different theory." *Id.*

The city asserts that Kristensen raised the drainage-ditch easement argument for the first time at the May 30, 2023 hearing, which was held after the district court granted summary judgment. A review of the transcript from the supplemental hearing on May 30 confirms that Kristensen raised the drainage-ditch easement argument and that counsel for the city noted that it was a new argument that had not been raised before in the January

11

summary-judgment hearing. And, in the district court's memorandum accompanying its grant of Kristensen's application to proceed in forma pauperis on appeal, the district court noted that Kristensen raised "arguments not previously raised, and [the hearing] had no impact on the judgment entered in this matter." A review of the record reveals that there is no evidence that Kristensen's drainage-ditch easement argument was raised before the district court decided the city's summary-judgment motion. And Kristensen does not respond to the city's forfeiture argument or dispute the city's representation that these arguments were raised for the first time at the May 30 hearing. On this record, we conclude that Kristensen failed to timely raise her drainage-ditch easement argument to the district court and has therefore forfeited the argument on appeal. *See id.*

B. **Kristensen's argument against the ordered injunctive relief fails on the merits.**

In any event, even if not forfeited, Kristensen's argument fails on the merits. Kristensen's argument is premised on her contention that the city's grading and erosion control plan creates a drainage-ditch easement across her yard because the plan requires water to flow from her neighbor's yard through the middle of Kristensen's yard on its way to the city's storm water drainage system. Kristensen asserts that the only drainage easement recorded on the plat drawing is the drainage and utility easement. She argues that the district court's ordered relief is contrary to law because, by requiring her to follow the grading and erosion control plan, it creates an easement where one is not recorded on the plat drawing, as required by Minnesota Statutes section 505.01.

12

It is true that the flow of water across Kristensen's property, when compliant with the grading and erosion control plan, is not limited to the recorded drainage and utility easement benefiting the city. But a drainage and utility easement does not restrict the flow of water across a property or dictate where water is to flow.[4] The natural flow of water from an owner's upper land across a neighbor's lower land is a natural right—not an easement—that is inherent as part of the land. *Duenow v. Lindeman*, 27 N.W.2d 421, 427 (Minn. 1947) ("[A] natural right to flowage or drainage is not a true easement. . . . Such natural rights are not easements or appurtenances, but are part and parcel of the land itself."); *see also Kral v. Boesch*, 557 N.W.2d 597, 600 (Minn. App. 1996) (applying the principle that use of a natural drainage system does not create a prescriptive easement claim because the natural flow of water is a natural right, not an easement).

The grading and erosion control plan and the district court's remedy do not create an easement because the right for water to naturally flow from Kristensen's neighbor's land over Kristensen's land is a natural right and not an easement under Minnesota law. Because they do not create an easement, Kristensen's argument that the order of injunctive relief creates an easement that is not recorded in the plat drawing, in violation of Minnesota Statutes section 505.01, fails.

---

[4] In an affidavit considered by the district court, the city's public works director explained that the drainage and utility easement is simply an area reserved by the city that allows flexible space between parcels for utilities such as phone, internet, gas, electric, and drainage, and is not necessarily the specific drainage pathway for runoff and drainage on a given property. The specific drainage pathway for rain runoff is set by the grading and erosion control plan.

In sum, because we conclude that the district court did not err in applying the law, we affirm the district court's grant of summary judgment, including its order for relief. Because we decline to address the arguments outlined in Kristensen's reply brief, we deny the city's motion to strike as moot.

**Affirmed; motion denied.**