**GREAT AMERICAN INSURANCE COMPANIES, Respondent,**

v.

**Arthur F. LeMIEUX, Appellant.**

**No. CX–88–2503.**

Court of Appeals of Minnesota.

May 16, 1989.

Review Denied July 12, 1989.

Kenneth P. Gleason, Mahoney, Dougherty & Mahoney, P.A., Minneapolis, for respondent.

Peter W. Riley, DeParcq, Hunegs, Stone, Koenig & Reid, P.A., Minneapolis, for appellant.

Heard, considered and decided by SCHUMACHER, P.J., and PARKER and LANSING, JJ.

## OPINION

LANSING, Judge.

Arthur LeMieux, individually and as trustee for the heirs of Carol LeMieux, appeals from a trial court's order vacating a judgment confirming LeMieux's arbitration award and dismissing his claim for underinsured motorist benefits.

## FACTS

This appeal presents the narrow issue of whether a motion to vacate a judgment based on an arbitration award can be brought under Minn.R.Civ.P. Rule 60.02 after the expiration of the 90–day limit in the Arbitration Act.

Carol LeMieux died from injuries sustained when her car was struck by a semi-trailer truck driven by Oliver Busch. Busch's liability insurer, State Farm Insurance Company, offered its $100,000 policy limits to LeMieux's heirs, subject to the indemnity rights of LeMieux's no-fault carrier, Great American Insurance Company.

Arthur LeMieux, Carol LeMieux's husband, made a demand against Great American for underinsured motorist (UIM) coverage included in the policy at $50,000 per automobile. Great American denied that UIM applied, but LeMieux successfully compelled arbitration under the arbitration clause in the policy. Before the arbitration hearing Great American brought a declaratory judgment action and moved the court to stay arbitration. After a hearing the court denied the motion and the matter was arbitrated on December 18, 1987. The parties stipulated to damages of $150,000 or more, and the arbitrators, in a split decision, found that LeMieux had not been paid by State Farm within the meaning of Minn. Stat. § 65B.49, subd. 4a (1986). The arbitrators awarded LeMieux $50,000 UIM benefits and served copies of the arbitration award on January 26, 1988.

More than three months later, in May 1988, LeMieux moved for confirmation of the arbitration award under Minn.Stat. § 572.18 (1986). In response Great American moved, in June 1988, to vacate the award through a reconsideration of the order denying the initial request for a stay. The trial court denied Great American's motion, confirmed the arbitration award, and ordered prompt entry of judgment for LeMieux.

Six weeks after this hearing, Great American renewed its motion to vacate the award, citing Minn.R.Civ.P. Rules 41 and 60.02 and the intervening decision in *Broton v. Western National Mutual Insurance Co.*, 428 N.W.2d 85 (Minn.1988). After a hearing the trial court vacated the judgment and dismissed LeMieux's claim for UIM benefits. LeMieux appeals.

## ISSUE

Did the trial court err in vacating the judgment confirming LeMieux's arbitration award and dismissing his claim for UIM benefits?

## ANALYSIS

Arbitration proceedings in Minnesota are governed by Minn.Stat. ch. 572 (1986). Arbitration awards may be set aside only in limited circumstances and then only if a motion to vacate is brought within 90 days of receipt of the award. Minn.Stat. § 572.19, subd. 2 (1986). Great American does not base its motion on corruption, fraud, or other undue means, the only exception to the 90–day requirement.

The rationale for severely restricting the vacation of arbitration awards is defined by the essential function of arbitration:

If the rule were otherwise, arbitration proceedings, instead of facilitating the settlement of controversies, would serve but to delay the final determination of the rights of the parties.

*Cournoyer v. American Television & Radio Co.*, 249 Minn. 577, 580, 83 N.W.2d 409,

411–12 (1957). So central is the concept of finality that

> [T]he fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award.

Minn.Stat. § 572.19, subd. 1 (1988).

Great American was served with a copy of the arbitration award on January 26, 1988, but did not move to vacate until June 10, 1988, nearly five months later. Its motion to vacate was brought under Minn. R.Civ.P. Rule 41, pertaining to voluntary and involuntary dismissals, and Minn.R. Civ.P. Rule 60.02, pertaining to relief from final judgments. The application of § 572.19, subd. 2, cannot be circumvented by use of these rules. If no motion to vacate is brought within 90 days, the trial court is "obliged to confirm the award." *Component Systems, Inc. v. Murray Enterprises of Minnesota, Inc.*, 300 Minn. 21, 25, 217 N.W.2d 514, 516 (1974). The expiration of the 90–day period necessarily "preclud[es] a challenge to the award * * * on appeal." *Wacker v. Allstate Insurance Co.*, 312 Minn. 242, 251 N.W.2d 346, 349–50 (1977).

> As the court stated in *Wacker*,
> [A]ppellant's proper remedy would have been to move to vacate the award, once made, on the ground that the arbitrator exceeded his powers under Minn.Stat. § 572.19. Not having done so, there is now nothing to review on appeal and it must fail.

*Id.* 251 N.W.2d at 350.

Great American argues that because this case involves interpretation of no-fault coverage, arbitration was inappropriate. *See Johnson v. American Family Mutual Insurance Co.*, 426 N.W.2d 419 (Minn.1988). In *Johnson* the supreme court, recognizing a need for consistency in the interpretation of no-fault statutes, limited arbitrability in automobile reparation cases to issues of fact. *Id.* 426 N.W.2d at 421. Even assuming the issue was not properly before the arbitration panel, Great American's remedy does not change. Once the trial court denied the motion to stay arbitration, a non-appealable decision under Minn.Stat. § 572.26, subd. 1 (1986), Great American was bound by the arbitration process. The method to obtain review was to move to vacate within the 90–day limit, asserting the arbitrators exceeded their powers.

We are not persuaded by Great American's argument that it was prevented from bringing a motion to vacate because of an earlier adverse ruling on whether there was an agreement to arbitrate. *See* Minn. Stat. § 572.19, subd. 1(5) (1986). The motion to stay and the court's denial centered on whether LeMieux was eligible for UIM benefits provided in the policy. It has not been disputed that Great American's policy contained a valid and enforceable arbitration clause.

### DECISION

Reversed.