Dean A. PEARCE, et al., Respondents,

v.

Robert M. LINDSTROM, Appellant.

No. C5–89–636.

Court of Appeals of Minnesota.

Aug. 15, 1989.

Kevin Eide, Hauge, Eide & Keller, P.A., Eagan, for respondents.

Michael A. Klutho, Bassford, Heckt, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for appellant.

Heard, considered and decided by PARKER, P.J., and KALITOWSKI and IRVINE,* JJ.

## OPINION

PARKER, Judge.

Robert Lindstrom appeals an order vacating a judgment pursuant to Minn.R. Civ.P. 60.02. Dean A. and V. Lee Pearce instituted a legal malpractice action against Lindstrom which went to nonbinding arbitration pursuant to Special Rules of Practice for the Fourth Judicial District. The trial court entered judgment in the Pearces' favor and, five days later, the Pearces moved to vacate the judgment under Minn. R.Civ.P. 60.02, claiming excusable neglect. The trial court granted the motion to vacate the judgment, and we affirm.

## FACTS

The Pearces retained attorney Robert Lindstrom to handle the foreclosure of a second mortgage. Lindstrom commenced a foreclosure by advertisement proceeding, and in October 1985 the Pearces obtained the property at the foreclosure sale. The foreclosure proceeding was held invalid due to the failure to comply with the notice requirements of Minn.Stat. § 47.20 (Supp. 1987). The court ordered a second foreclosure sale, which was concluded in November 1987 with the Pearces again receiving the property.

The Pearces commenced a legal malpractice action against Lindstrom, claiming that he had negligently mishandled the foreclosure. Pursuant to Rule 5 of the Special Rules of Practice for the Fourth Judicial District, the case was submitted to mandatory, nonbinding arbitration after the Pearces certified it as ready for trial.

As residents of Kansas, the Pearces petitioned for and received special permission not to attend the arbitration hearing. At the conclusion of the hearing, the arbitrator awarded the Pearces $1,630.75. The award was filed on December 14, 1988, thereby beginning the 20–day period prior to the entry of judgment during which a party could request a trial de novo under Special Rule 5.12. Neither party requested a new trial, and judgment was entered on January 18, 1989.

On January 23, claiming the award was inadequate and unsupported by the facts, the Pearces moved to vacate the judgment under Minn.R.Civ.P. 60.02 and to certify the untimely request for trial as timely. They claimed they had failed to move for a trial de novo under Rule 5 due to their attorney's neglect. The Pearces submitted a three-page affidavit from their attorney, Thomas Lowe, in which he stated that he had failed to notify the Pearces of the arbitration result due to miscommunication, the intervening holiday season, and the Pearces' out-of-state residence. The trial court granted the motion.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## ISSUES

1. Can Minn.R.Civ.P. 60.02 be used to vacate a judgment entered pursuant to Rule 5 of the Special Rules of Practice for the Fourth Judicial District?

2. Assuming that Minn.R.Civ.P. 60.02 may be applied, did the trial court err in vacating the Pearces' judgment?

## DISCUSSION

### I

Lindstrom argues that Rule 5.11 of the Special Rules for the Fourth Judicial District is the exclusive means available to set aside an arbitration award. Therefore, he argues that Minn.R.Civ.P. 60.02 cannot be applied to vacate the Pearces' award and send the case to trial. We do not agree. Special Rule of Practice 5.11 is in conflict with Minn.R.Civ.P. 60.02 and, as such, violates Minn.Stat. § 480.055 (1988), which allows courts to adopt rules governing practice which are not in conflict with rules promulgated by the supreme court.

Pursuant to Minn.Stat. § 484.73 (1988), the Fourth Judicial District established a system of mandatory, nonbinding arbitration for civil cases. Rule 5.11(c) states:

The judgment so entered shall have the same force and effect in all respects as, and is subject to all provisions of law relating to, a judgment in a civil action or proceeding, *except that it is not subject to appeal and it may not be attacked or set aside except as provided in subdivision (d).*

(Emphasis added). Subdivision (d) allows a motion to vacate within six months if the arbitrator was subject to disqualification or upon a ground set forth in Minn.Stat. § 572, the Uniform Arbitration Act, and "upon no other grounds." Special Rule of Practice 5.11(d) for the Fourth Judicial District.

Rule 5.11(d), promulgated by the Fourth Judicial District and approved by the supreme court, purports to limit the grounds upon which a judgment may be vacated

through appeal. Minn.R.Civ.P. 60.02, promulgated by the supreme court, is considerably broader; it provides:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment (other than a divorce decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons: (a) Mistake, inadvertence, surprise or excusable neglect * * *.

The Rules of Civil Procedure, then, allow a party relief from *any* final judgment, with the sole explicit exception of divorce decrees. Exceptions expressed in a law shall be construed to exclude all others. Minn. Stat. § 645.19 (1988). Because nonbinding arbitration is not expressly excepted in Rule 60.02, it cannot be considered an exception and must be included as a judgment from which one may obtain relief. Therefore, Rule 5.11(c) & (d), by virtue of their conflict with Minn.R.Civ.P. 60.02, violate Minn.Stat. § 480.055 (1988). The Fourth Judicial District cannot limit the grounds upon which an arbitration award, granted in a mandatory, nonbinding arbitration proceeding, can be vacated when Minn.R.Civ.P. 60.02 provides considerably broader grounds for setting aside a judgment.

Lindstrom argues that the interests of justice do not require that the Pearces' award be set aside. He claims that the primary purpose of Rule 60.02—the resolution of disputes through trials on the merits—has been met in this case, because each party had the opportunity to present its case on the merits fully before the arbitrator.

We conclude that Lindstrom misinterprets the nature of Special Rule 5 arbitration. Rule 5 provides for *mandatory*, nonbinding arbitration; the parties have not contracted to settle their dispute through arbitration. They are mandated to participate. If arbitration is to be mandatory and not contractual, it must also be nonbinding or it would implicate the constitu-

tional guarantees of a trial. Minn. Const. art. I, § 4. Thus, in non-contractual arbitration, the interest of finality of the award should not weigh so heavily in the balance.

Lindstrom relies on this court's decision in *Gruman v. Hendrickson*, 416 N.W.2d 497 (Minn.Ct.App.1987). In that case this court, in dictum, stated that appellant's reliance on Rule 60.02 as a means to vacate an arbitration award was misplaced because Rule 5.11(d) for the Fourth Judicial District specifically provides that judgment entered upon an arbitration award may not be attacked except as provided therein. *Id.* at 501. The decision is not on point. The appellants in *Gruman* argued that the arbitrator *erred in the application of the law*, not that there was any specific Rule 60.02 ground for vacating the judgment. Here, the Pearces were victims of attorney neglect and, as such, qualify for vacation of judgment under Minn.R.Civ.P. 60.02(a).

## II

■ Having determined that a Rule 60.02 analysis is appropriate, we turn to the issue of whether the trial court erred in vacating this particular judgment. Minn.R. Civ.P. 60.02(a) allows a court to relieve a party from a final judgment for excusable neglect. The right to be relieved from judgment under this rule is not absolute. *McKay v. Boyer Ford Trucks, Inc.*, 411 N.W.2d 27, 28 (Minn.Ct.App.1987). Relief is within the sound discretion of the trial court and will not be reversed unless this court is persuaded of a clear abuse of discretion. *Kosloski v. Jones*, 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973).

■ Trial courts will grant relief under Rule 60.02(a) upon a showing that the party seeking relief

(a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) that no substantial prejudice will result to the other party.

*Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952); *see also Charson v. Temple Israel,* 419 N.W.2d 488, 491 (Minn.1988) (applying *Hinz* test). Unless every element of the test is satisfied, a new trial based on excusable neglect must be denied. *Isanti County Family Services v. Swanson*, 394 N.W.2d 180, 184 (Minn.Ct.App.1986).

■ The Pearces have met their burden of proof under *Hinz*. They were initially awarded $1,630.75 at the arbitration, which indicates that the arbitrator found merit to their claims. The delay in their request for a trial de novo apparently was caused by their attorney's negligence in failing to communicate the arbitration result to them before the end of the 20–day period for new trial requests. The Pearces filed their Rule 60.02 motion within five days of the entry of judgment, and there appears to be no substantial prejudice which would result to Lindstrom.

## DECISION

The trial court did not err in vacating the arbitration award under Rule 60.02 and certifying the Pearces' untimely request for trial as timely.

Affirmed.