Eugene H. SEIBERLICH, Appellant,

v.

**BURLINGTON NORTHERN RAILROAD COMPANY,**
Respondent.

No. C2–89–478.

Court of Appeals of Minnesota.

Nov. 21, 1989.

Review Denied Jan. 12, 1990.

Lindsay G. Arthur, Jr., Katherine L. MacKinnon, Sarah Z. Erickson, Arthur, Chapman & McDonough, P.A., Minneapolis, for appellant.

Thomas W. Spence, Ward D. Werner, Thomas W. Spence Law Office, St. Paul, for respondent.

Heard, considered and decided by NORTON, P.J., and LANSING and FLEMING,* JJ.

## OPINION

LANSING, Judge.

Eugene Seiberlich appeals a judgment entered on an adverse jury verdict after the trial court vacated an arbitration award of $234,849.46. We hold the district court did not err in vacating the judgment entered on the arbitrator's award, and affirm the judgment entered on the jury's findings.

## FACTS

Eugene Seiberlich, an employee of Burlington Northern, injured his back in a work-related accident on January 13, 1982. Seiberlich was unable to return to work, and sought disability benefits under the Federal Employer's Liability Act (FELA).

In September, 1984, Seiberlich signed a release of all claims against Burlington Northern in exchange for a settlement of $90,000. On April 12, 1985, Seiberlich filed a complaint alleging that Burlington Northern's claims adjusters had violated the Minnesota Unfair Claim Practices Act, Minn.Stat. § 72A.20, in obtaining the release.

The Fourth Judicial District ordered arbitration under its Special Rules of Practice, and a nonbinding arbitration hearing was held on January 7, 1988. The arbitrator awarded Seiberlich $233,061.60 in addition

to the $90,000 already paid by Burlington Northern.

A copy of the arbitrator's award was sent to each party's attorney, with a form letter notifying the parties that under Rule 5.12 of the Special Rules of Practice for the Fourth Judicial District any request for trial de novo must be made within 20 days of the arbitrator's award. Neither party requested a trial de novo, and on February 24, 1988, judgment was entered on the arbitrator's award.

On March 1, 1988, Burlington Northern filed a motion for relief from the judgment under Minn.R.Civ.P. 60.02. The trial court vacated the order for judgment and set the matter for trial. The jury found in favor of Burlington Northern, and judgment was entered on February 10, 1989.

On March 14, 1989, Seiberlich filed his notice of appeal to the court of appeals. Two weeks later, Burlington Northern filed a motion for taxation of costs incurred at trial. Seiberlich objected to the taxation of costs on the grounds that his appeal to this court stayed all further proceedings. The trial court awarded Burlington Northern $2,037.36 in costs, and judgment was entered.

Seiberlich appeals, limiting the appeal to the propriety of the trial court's vacation of the original judgment entered on the arbitrator's award, and to the trial court's award of trial costs to Burlington Northern after the notice of appeal had been filed.

## ISSUES

1. Can Minn.R.Civ.P. 60.02 be used to vacate a judgment entered pursuant to Rule 5 of the Special Rules of Practice for the Fourth Judicial District?

2. Assuming that Rule 60.02 may be applied, did the trial court err in vacating the judgment entered pursuant to the arbitrator's award?

3. Did the trial court err in awarding trial costs to Burlington Northern after Seiberlich had filed his notice of appeal with the court of appeals?

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## ANALYSIS

### I

■ Seiberlich contends that Rule 5.11 of the Special Rules of Practice for the Fourth Judicial District is the exclusive means available to set aside an arbitration award and Minn.R.Civ.P. 60.02 cannot be applied to vacate the arbitrator's award in this case. This issue was previously addressed by this court in *Pearce v. Lindstrom,* 443 N.W.2d 857 (Minn.Ct.App.1989). In *Pearce,* we held that Rule 5.11 conflicts with Minn.R.Civ.P. 60.02 and therefore violates Minn.Stat. § 480.055 (1988), which allows courts to adopt rules governing practice which are not in conflict with rules promulgated by the Minnesota Supreme Court.

Seiberlich maintains that *Pearce* is inconsistent with two other decisions of this court, *Gruman v. Hendrickson,* 416 N.W.2d 497 (Minn.Ct.App.1987) and *Great American Insurance Companies v. Lemieux,* 439 N.W.2d 733 (Minn.Ct.App.1989), *pet. for rev. denied* (Minn. July 12, 1989).

In *Gruman,* this court stated in dicta that appellant's reliance on Rule 60.02 as a means to vacate an arbitration award was misplaced because Rule 5.11(d) specifically provides that judgment entered upon an arbitration award may not be attacked except as provided within the rule. *Id.* at 501. The *Gruman* dicta is a misstatement to the extent it fails to consider Minn.Stat. § 480.055.

The decision in *Lemieux* is distinguishable. *Lemieux* involved an arbitration proceeding under the arbitration clause in an automobile insurance policy. This court's reversal of the order vacating judgment in *Lemieux* was based on the failure of the party seeking to have the judgment vacated to comply with the provision of the Uniform Arbitration Act, Minn.Stat. § 572.19, subd. 2 (1988), which requires that a motion to vacate be brought within 90 days after notice of the award is received. *Lemieux* does not involve the application of a local court rule and is not governed by the proscriptions of Minn.Stat. § 480.055. The decision in *Lemieux* was governed by the framework of the Uniform

Arbitration Act specifically set out in Minn. Stat. § 572.19.

The decision in *Pearce* controls in the present case and that decision does not conflict with other holdings of this court.

### II

■ Whether a judgment should be opened is a matter largely within the discretion of the trial court, and that court's decision will not be reversed unless its discretion is abused. *Kosloski v. Jones,* 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973). When a party seeks relief from judgment under the "excusable neglect" provision of Rule 60.02, the trial court will grant relief if the party has met the four-part test set forth in *Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. 28, 30, 53 N.W.2d 454, 455–56 (1952). Under *Hinz,* the party seeking relief must show: (1) that it has a reasonable defense on the merits; (2) that it has a reasonable excuse for its failure or neglect to answer; (3) that it has acted with due diligence after notice of entry of judgment; and (4) that no substantial prejudice will result to the other party.

■ The trial court's finding that Burlington Northern has met its burden of proof under *Hinz* is supported by the facts. The subsequent trial court decision in favor of Burlington Northern demonstrates that it had a reasonable defense on the merits. The record confirms that Burlington Northern acted with due diligence on notification of entry of the judgment, contacting the trial court to schedule a hearing on its motion to vacate within 24 hours of notification.

Seiberlich does not contend, and the record does not demonstrate, that any substantial prejudice resulted from vacation of the judgment. The matter ultimately went to trial, as both parties expected it would, and Seiberlich was able to present the same evidence and call the same witnesses as he would have had the original judgment not been entered.

As to excusable neglect, the attorney for Burlington Northern stated that he received a copy of the arbitrator's award

(with notification of the 20–day period within which to request trial de novo), but assumed that because the arbitration was designated as "nonbinding," the award would not in fact be controlling on the parties.

■ Parties to litigation should not be penalized for the neglect or mistakes of their lawyers. *See, e.g., C & A Enterprises v. Carlson Tractor & Equipment Co.,* 408 N.W.2d 921, 923 (Minn.Ct.App.1987). When the defaulting party is not personally guilty of neglect and the party entrusts the matter to an attorney, courts should employ a liberal policy conducive to trial of causes on the merits. *Lund v. Pan American Machines Sales,* 405 N.W.2d 550, 554 (Minn.Ct.App.1987). The trial court did not abuse its discretion in vacating the judgment under Minn.R.Civ.P. 60.02 for excusable neglect on the part of Burlington Northern's attorney.

### III.

■ Seiberlich contends that the trial court erred in awarding trial costs to Burlington Northern after Seiberlich had filed his notice of appeal with this court.

Minn.R.Civ.App.P. 108.03 provides:

> When a bond is filed as provided by Rule 108.01, it shall stay all further proceedings in the trial court upon the judgment or order appealed from or the matter embraced in it; but the trial court may proceed upon any other matter included in the action and not affected by the judgment or order from which the appeal is taken.

The question is whether the taxation of trial costs is a matter "not affected by the judgment or order from which the appeal is taken."

In *Spaeth v. City of Plymouth,* 344 N.W.2d 815 (Minn.1984), the supreme court held that the trial court retained jurisdiction to enter an order awarding attorneys' and experts' fees, even though the case had been appealed. *Id.* at 825–26. This holding has been followed in *Welsh v. City of Orono,* 355 N.W.2d 117 (Minn.1984), and in *Fette v. Peterson,* 406 N.W.2d 594 (Minn. Ct.App.1987), *pet. for rev. denied* (Minn.

June 30, 1987). The trial court's award of costs to Burlington Northern is "collateral and supplemental to decision on the merits," and the trial court did not err in making the award subsequent to the perfection of Seiberlich's appeal.

### DECISION

A judgment on an arbitration award under Rule 5 of the Fourth Judicial District Special Rules of Practice may be vacated under Minn.R.Civ.P. 60.02, which provides for relief from any final judgment except a divorce decree. The trial court did not abuse its discretion in applying Rule 60.02 to the facts of this case. The trial court did not err in awarding trial costs to Burlington Northern after Seiberlich perfected his appeal to the court.

Affirmed.