**To Van NGUYEN, Respondent,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

No. C2–95–2305.

Court of Appeals of Minnesota.

April 9, 1996.

Jerome A. Ritter, Ritter & Fenske, Ltd., St. Paul, for Respondent.

Emilio R. Giuliani, Jr., Martha K. Sieber, LaBore and Giuliani, Ltd., Hopkins, for Appellant.

Considered and decided by HARTEN, P.J., and HUSPENI and PETERSON, JJ.

## OPINION

HARTEN, Judge.

Appellant insurer challenges the district court denial of its motion to vacate a judgment, which was entered after appellant failed to appeal from mandatory, nonbinding arbitration by filing a timely request for trial de novo. We affirm.

## FACTS

On February 13, 1991, respondent To Van Nguyen was involved in an automobile acci-

dent. Nguyen brought suit against his automobile insurer, appellant State Farm Mutual Automobile Insurance Company (State Farm), seeking to recover underinsured motorist benefits.

The parties submitted the case to nonbinding arbitration under general practice rule 114, which mandates alternative dispute resolution for most civil cases. On June 30, 1995, the arbitrator issued an award for Nguyen. On July 5, 1995, State Farm's attorney served a request for trial de novo on Nguyen's attorney, but, by mistake, the request was not filed with the district court.[1] On August 18, 1995, because neither party had properly filed a request for trial within 20 days after the arbitrator filed the award, judgment was entered in favor of Nguyen.

On August 23, 1995, State Farm moved the district court to vacate the judgment under civil procedure rule 60.02, claiming that its failure to meet the 20–day deadline resulted from its attorney's excusable neglect. The district court denied the motion to vacate, ruling that it could not vacate the judgment because general practice rule 114, with its restrictive appeal and vacation provisions, superseded and precluded the applicability of civil procedure rule 60.02. This appeal resulted.

## ISSUE

May a judgment entered under general practice rule 114 be vacated under civil procedure rule 60.02 for excusable neglect in failing to file a request for trial de novo within 20 days of the arbitration award filing?

## ANALYSIS

■ Generally, we review a district court's denial of a motion to vacate a judgment for excusable neglect under an abuse of discretion standard. *Foerster v. Folland,* 498 N.W.2d 459, 460 (Minn.1993). In the instant case, however, the district court declined to exercise its discretion, ruling as a matter of law that it lacked authority to vacate the judgment. We review questions

of law de novo. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ State Farm moved to vacate the judgment under civil procedure rule 60.02, which provides:

> On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment (other than a marriage dissolution decree) * * * and may order a new trial or grant such other relief as may be just for the following reasons: (a) Mistake, inadvertence, surprise, or excusable neglect * * *.

Minn. R. Civ. P. 60.02. State Farm argues that this rule, which facially applies to all judgments except dissolution decrees, empowered the district court to vacate the judgment.

In apparent conflict with rule 60.02 stands general practice rule 114 and its provisions governing the use of nonbinding arbitration in satisfaction of the civil alternative dispute resolution (ADR) requirement. *See* Minn. R. Gen. Pract. 114.01 (mandating ADR for most civil cases), 114.02 (listing acceptable forms of ADR), 114.09 (arbitration provisions). In 1991, the supreme court adopted statewide general rules of practice. In 1993, the supreme court adopted new rule 114, which was developed from special practice rules promulgated by the Second and Fourth Judicial Districts. *See* Minn. R. Gen. Pract. 114.09 comm. cmt. Rule 114.09 contains the following provisions:

**(d) The Award.**

(1) No later than 10 days from the date of the arbitration hearing * * *, the arbitrator shall file with the court the decision * * *.

(2) *If no party has filed a request for a trial within 20 days after the award is filed, the court administrator shall enter the decision as a judgment * * *.* The judgment shall have the same force and effect as, and is subject to all provisions of law relating to, a judgment in a civil action

---

1. An affidavit by the attorney states that a legal assistant "failed to file" the request with the district court. In its memorandum of law to the district court and its brief to this court State Farm indicated that the request was never sent to the district court.

or proceeding, *except that it is not subject to appeal, and except as provided in section (d) may not be attacked or set aside.* The judgment may be enforced as if it had been rendered by the court in which it is entered.

\* \* \* \* \* \*

(4) Within 6 months after its entry, a party against whom a judgment is entered pursuant to an arbitration award *may move to vacate the judgment on only those grounds set forth in Minnesota Statutes Chapter 572.*

### (e) Trial After Arbitration.

(1) *Within 20 days after the arbitrator files the decision with the court, any party may request a trial by filing a request for trial* with the court, along with proof of service upon all other parties. *This 20–day period shall not be extended.*

\* \* \* \* \* \*

(4) A trial de novo shall be conducted as if there had been no arbitration.

Minn. R. Gen. Pract. 114.09(d), (e) (emphasis added).

On its face, then, rule 114.09 provides a strict 20–day deadline for requests for trial de novo and mandates that a resulting judgment may be vacated only under chapter 572, the Uniform Arbitration Act. The Act provides that an arbitration award may be vacated where it was procured by fraud or corruption, or where the arbitrator was biased, committed misconduct, or exceeded authority. Minn.Stat. § 572.19 (1994). State Farm did not move to vacate for any of these reasons.

The district court ruled that general practice rule 114.09 takes precedence over civil rule 60.02 because rule 114.09 specifically addresses motions to vacate in this context, thus superceding rule 60.02, which applies generally. Consequently, because the 20–day rule may not be extended and because State Farm did not assert a reason found in chapter 572, the district court decided that the motion to vacate could not be granted. On appeal, State Farm argues that rule 60.02 applies to *all* final judgments and therefore authorizes the relief it seeks.

We first reject State Farm's argument that rule 60.02 may be used to vacate any judgment not specifically excepted in that rule (i.e., all judgments except dissolution decrees). In *Great Am. Ins. Cos. v. LeMieux,* 439 N.W.2d 733 (Minn.App.1989), *review denied* (Minn. July 12, 1989), an arbitrator awarded the plaintiff underinsured motorist benefits, and the district court confirmed the award and entered judgment. *Id.* at 734. Later, however, the district court granted the insurer's motion to vacate the judgment under rule 60.02. *Id.* We thus considered

> the narrow issue of whether å motion to vacate a judgment based on an arbitration award can be brought under Minn. R. Civ. P. Rule 60.02 after the expiration of the 90–day limit in the Arbitration Act.

*Id.* We held that the application of the Act's 90–day deadline for motions to vacate arbitration awards took precedence over, and could not be circumvented by, the use of rule 60.02. *Id.* at 735. *LeMieux* illustrates that rule 60.02 does not necessarily apply to all nondissolution judgments, and it does so in the context of the Arbitration Act.

State Farm argues that our decision in *Pearce v. Lindstrom,* 443 N.W.2d 857 (Minn. App.1989) governs the instant case. In *Pearce,* pursuant to a special practice rule of the Fourth Judicial District, the plaintiffs' legal malpractice claim was submitted to mandatory, nonbinding arbitration, which resulted in an award for the plaintiffs. *Id.* at 858. Because no party requested a trial de novo within the 20–day period following the award, judgment was entered for the plaintiffs. *Id.* A few days later, the plaintiffs, claiming that the award was inadequate, moved to vacate the judgment under rule 60.02. *Id.* The plaintiffs argued that their attorney's failure to notify them of the award sooner constituted excusable neglect. *Id.* The district court granted the motion to vacate. *Id.*

We concluded that because nonbinding arbitration was not specifically excepted from the application of rule 60.02 (as was marriage dissolution), the judicial district special practice rule, which limited the right to vacate a judgment entered after the parties' failure to

request a trial, conflicted with rule 60.02. *Id.* at 859. We concluded that the special practice rule therefore violated section 480.055, which authorized district courts to adopt only those practice rules that did not conflict with rules promulgated by the supreme court. *Id.* (citing Minn.Stat. § 480.055 (1988)). Accordingly, we held that the special practice rule could not limit the ability of a party to have a judgment vacated under rule 60.02. *Id.*

State Farm also cites *Seiberlich v. Burlington N. R.R.,* 447 N.W.2d 896 (Minn.App. 1989), *review denied* (Minn. Jan. 12, 1990), which involved facts similar to those in *Pearce.* There we reaffirmed the *Pearce* holding that the Fourth Judicial District's special practice rules concerning mandatory, nonbinding arbitration conflicted with—and therefore were subservient to—rule 60.02. *Id.* at 898. Distinguishing *LeMieux,* which concerned an arbitration pursuant to a contractual arbitration clause, we stated:

> *LeMieux* does not involve the application of a local court rule and is not governed by the proscriptions of Minn.Stat. § 480.055. The decision in *LeMieux* was governed by the framework of the Uniform Arbitration Act specifically set out in Minn.Stat. § 572.19.

*Id.*

The special practice rule considered in *Pearce* and *Seiberlich* is essentially identical to general practice rule 114.09, and the facts in those cases mirror the facts before us. State Farm stresses that in those cases we held that rule 60.02 took precedence.

The rationale applied in *Pearce* and *Seiberlich* was that the supreme court's rule took precedence over a special practice rule promulgated by a judicial district. Now, however, non-binding arbitration is mandated and governed by rules promulgated by the supreme court, which apply with force equal to that attending the rules of civil procedure.

As we stated in *Pearce,* the two rules at issue here are in direct conflict. Rule 60.02 does not address arbitration directly, but applies broadly to all final judgments. Rule 114.09, however, directly applies to the facts before us; it states that judgments following the mandatory arbitration may be vacated *only* for the reasons set forth in the Arbitration Act, none of which is present here. Rule 114.09 also states that the 20–day period may not be extended. As the district court noted, allowing a party to vacate the resulting judgment because of excusable neglect in missing the 20–day deadline would be tantamount to altering the rule's unequivocal statement that the deadline is firm.

Finally, we reject State Farm's argument that the supreme court, in adopting rule 114.09, intended to retain all aspects of the corresponding special practice rules from the Second and Fourth Judicial Districts, including the availability of relief under rule 60.02 as decided in *Pearce* and *Seiberlich.* Rule 114 was approved by the supreme court against the background of existing caselaw, including *LeMieux,* and we must assume that the supreme court understood that our determinations in *Pearce* and *Seiberlich* depended on subordination of judicial district rules.

We hold that a judgment entered under general practice rule 114.09 may not be vacated under civil rule 60.02.

## DECISION

In accordance with the terms of general practice rule 114.09, a judgment entered under that rule may not be vacated under civil rule 60.02 for excusable neglect in failing to file a request for trial de novo within 20 days of the arbitration award. We therefore affirm the district court order denying State Farm's motion to vacate the judgment.

**Affirmed.**