To Van NGUYEN, Respondent,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, petitioner, Appellant.**

No. C2–95–2305.

Supreme Court of Minnesota.

Feb. 13, 1997.

Emilio R. Giuliani, Jr., Labore & Giuliani, Ltd., Hopkins, for appellant.

Jerome A. Ritter, Ritter & Fenske, Ltd., St. Paul, for respondent.

## OPINION

KEITH, Chief Justice.

This case presents the question of whether a judgment entered pursuant to the mandatory, nonbinding arbitration provisions of Minn. Gen. R. Prac. 114.09 may be vacated for excusable neglect under Minn. R. Civ. P. 60.02. Appellant State Farm challenges the

district court's determination, affirmed by the court of appeals, that a judgment entered under Minn. Gen. R. Prac. 114.09 may not be vacated under Minn. R. Civ. P. 60.02. *Nguyen v. State Farm Mut. Auto. Ins. Co.*, 546 N.W.2d 37, 40 (Minn.App.1996).

We reverse.

On February 13, 1991, respondent To Van Nguyen was injured when his automobile was struck in the rear by another motorist on Interstate 94 in Minneapolis. Nguyen claims that he is permanently disabled as a result of the neck and back injuries he sustained in the accident and the severe depression he experienced following the accident.

After settling with the other motorist's insurer, Nguyen sought underinsured motorist benefits under his policy with State Farm. Although it had initially paid out benefits under the Personal Injury Protection provision in Nguyen's policy, State Farm refused to pay the underinsured motorist benefits, noting that it believed there were serious questions as to whether Nguyen's injuries were the result of the February 1991 accident.

On November 1, 1994, Nguyen filed suit against State Farm. As part of the mandatory pretrial alternative dispute resolution required in most civil actions by Minn. Gen. R. Prac. 114.01, the matter was scheduled for nonbinding pretrial arbitration. On June 30, 1995, the arbitrator issued an award of $397,-500 to Nguyen.[1]

On July 5, 1995, counsel for State Farm served a copy of a request for a trial de novo on counsel for Nguyen, as provided for under Minn. Gen. R. Prac. 114.09(e)(1). Due to clerical error, counsel neglected to file the original request with the district court. However, both parties proceeded under the assumption that the case was going to trial. On August 2, 1995, the district court administrator unwittingly reinforced this erroneous assumption by sending notice to both parties that a pretrial conference had been scheduled in the matter.

This common assumption was abruptly upset on August 18, 1995, when the district court entered judgment in favor of Nguyen. Because no party had requested a trial de novo within 20 days of the arbitrator's filing of his award as required under Minn. Gen. R. Prac. 114.09(e), the previously nonbinding arbitration award became final and the district court entered judgment against State Farm. Counsel for State Farm learned of the entry of judgment on August 22, 1995, on receipt of a facsimile of the Order for Judgment sent by counsel for Nguyen.

Upon learning of the entry of judgment and discovering the clerical error, counsel for State Farm promptly filed a motion with the district court to vacate the judgment for excusable neglect under Minn. R. Civ. P. 60.02. The court denied the motion, holding that Rule 114.09 did not afford it the discretion to vacate under Rule 60.02. The court held that two principles of construction mandated that the 20–day limit of Rule 114.09 prevail over the discretionary provisions of Rule 60.02: (1) a particular provision controls over a general provision, *see* Minn.Stat. § 645.26, subd. 1; and (2) a law enacted at a later session controls over an irreconcilable law enacted at an earlier session. *See id.* at subd. 4.

The court of appeals affirmed. *Nguyen,* 546 N.W.2d at 40. Noting what it perceived as an irreconcilable conflict between the two rules, the court held that judgments entered following court-annexed[2] pretrial arbitration may be vacated only for the narrow reasons—including fraud and bias of the arbitrator—set forth in the Uniform Arbitration Act, Minn.Stat. § 572.19 (1996), as dictated by Rule 114.09(d)(4). *Id.*

## I.

State Farm argues that this court's adoption of Rule 114.09 was not intended to

---

**1.** The parties subsequently agreed to a stipulation reducing the award to the $100,000 underinsured motorist limit of Nguyen's policy.

**2.** Because arbitration under Rule 114.09 is compelled by state court rules, it is frequently referred to as "court-annexed," *see* David F. Herr & Laurie A. Kindel, 3A *Minnesota Practice: General Rules of Practice Annotated*, § 114.1 at 99 (1996), or "court-affiliated" arbitration. *See* Minn. Gen. R. Prac. 114.02.

change long-established principles allowing liberal relief for inadvertence or excusable neglect under Rule 60.02. Rule 60.02 of the Civil Rules provides,

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representatives from a final judgment (other than a marriage dissolution decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons: * * * [m]istake, inadvertence, surprise, or excusable neglect[.]

Minn. R. Civ. P. 60.02(a).

General Rule 114.09, on the other hand, at least facially places strict limits on a party's ability to seek vacation of an arbitrator's judgment. First, Rule 114.09 limits the time within which a party may request a trial de novo following nonbinding arbitration: "Within 20 days after the arbitrator files the decision with the court, any party may request a trial by filing a request for trial with the court, along with proof of service upon all other parties. *This 20-day period shall not be extended.*" Minn. Gen. R. Prac. 114.09(e) (emphasis added). Second, Rule 114.09 provides that "[i]f no party has filed a request for a trial within 20 days after the award is filed, the court administrator shall enter the decision as a judgment * * *," *id.* at 114.09(d)(2), and that a judgment so entered is "not subject to appeal," *id.,* and may be vacated *"only on those grounds"* set forth in Minnesota Statutes Chapter 572." *Id.* at 114.09(d)(4) (emphasis added). The district court concluded that the two rules were in conflict. Based on ordinary rules of construction, the court then determined that Rule 114.09 controlled. *See* Minn.Stat. 645.26.

State Farm contends that the district court erred in disregarding the long-established tradition of Minnesota courts of declining to penalize litigants for the excusable neglect or mistakes of their attorneys. *See Duenow v. Lindeman,* 223 Minn. 505, 518, 27 N.W.2d 421, 429 (1947) ("Courts will relieve parties from the consequences of the neglect or mistake of their attorney, [sic] when it can be done without substantial prejudice to their adversaries.") (citations omitted). Moreover, State Farm asserts that on its face Rule 60.02 applies to *all* final judgments other than dissolutions, including arbitration awards, and is not limited to default judgments.

The Minnesota General Rules of Practice were drafted by members of the Minnesota Supreme Court Task Force on Uniform Local Rules and were adopted by this court to become effective January 1, 1992. David F. Herr, 3A *Minnesota Practice: General Rules of Practice Annotated,* at 1–3 (1993). Rule 114 of the General Rules was accepted by the Alternative Dispute Resolution Implementation Committee and adopted by this court effective July 1, 1994.[3] The implementation committee comments accompanying the rule state that Rule 114.09 was modeled after the Special Rules of the Second and Fourth Judicial Districts and reflect the committee's confidence in the adequacy of those local rules:[4] "Hennepin County and Ramsey County both have had substantial experience with arbitrations, and have developed rules of procedure that *have worked well.*" Minn. Gen. R. Prac. 114.09 implementation committee cmt. (1993) (emphasis added).

Although both the Hennepin and Ramsey County rules upon which Rule 114.09 was patterned included the strict 20-day provisions ultimately incorporated into Rule 114.09, *see* Special R. Prac. 25, subd. VIII(A)(2) (2d Dist.1993), Special R. Prac. 5.11(c) (4th Dist.1993), a party nevertheless *was* able to obtain relief from an arbitration award under Rule 60.02 at the time Rule

---

3. Minn. Gen. R. Prac. 114 was adopted in response to the legislature's mandate in 1993 that this court promulgate rules establishing a "statewide alternative dispute resolution program." Minn.Stat. § 484.76, subd. 1. The statute directed that in most nonfamily law matters, "the rules shall require the use of nonbinding alternative dispute resolution processes in all civil cases, except for good cause shown * * *." *Id.*

4. As we have often cautioned, committee comments are included with rules adopted by this court for convenience and do not reflect court approval of those comments. *See* Order Adopting Rule 114 of Minn. Gen. R. Prac. (Minn. Dec. 2, 1993).

114.09 was adopted by this court. *See Seiberlich v. Burlington N. R.R.,* 447 N.W.2d 896, 899 (Minn.App.1989), *pet. for rev. denied* (Minn. Jan. 12, 1990); *Pearce v. Lindstrom,* 443 N.W.2d 857, 860 (Minn.App.1989).

In *Pearce v. Lindstrom,* the court of appeals ruled that Rule 5.11 of the Fourth Judicial District conflicted with Minn. R. Civ. P. 60.02 in that it purported "to limit the grounds upon which a judgment may be vacated through appeal." 443 N.W.2d at 859. The court concluded, therefore, that the local rule must yield because it conflicted with a rule of court promulgated by the state supreme court. *Id.; see* Minn.Stat. § 480.055, subd. 1 (1996). The court of appeals reaffirmed its decision in *Pearce* later that same year in *Seiberlich,* 447 N.W.2d at 898.

State Farm argues that neither the implementation committee nor this court in adopting Rule 114.09 expressed any intent to change the rule under *Pearce* and *Seiberlich* that a party to court-annexed, nonbinding arbitration may seek relief under Rule 60.02. Thus, State Farm urges that Rule 60.02 should be applied to grant relief in this case, the 20–day provisions of Rule 114.09 notwithstanding.

■ "The words of a court rule, like those of a statute, must be taken and construed in the sense in which they were understood and intended at the time the rule was promulgated." *House v. Hanson,* 245 Minn. 466, 473, 72 N.W.2d 874, 878 (1955). In light of the committee's observation that the Hennepin and Ramsey County rules after which Rule 114.09 is patterned "ha[d] worked well," as well as this court's well-established practice of granting liberal relief when an innocent party would otherwise be prejudiced by his attorney's neglect, *see Finden v. Klaas,* 268 Minn. 268, 271–72, 128 N.W.2d 748, 750–51 (1964), we conclude that the limitations on vacation of judgment under Rule 114.09 were neither intended nor understood by this

court to foreclose then-available relief under Rule 60.02 when adopted.[5]

The task force recognized that it was created to halt the proliferation of local rules—some of which were in direct conflict with those of other judicial districts—and to propose uniform rules designed to assist the courts with the organization and disposition of their workloads. *See* Minn. R. Civ. P. 83 task force cmt. (1991). In light of the task force's charge, there can be little doubt that Minn. Gen. R. Prac. 114.09 was not intended to supersede Minn. R. Civ. P. 60.02.

For these reasons, we hold that the 20–day limitations for requesting a trial de novo under Minn. Gen. R. Prac. 114.09 do not foreclose the vacation of a judgment under Minn. R. Civ. P. 60.02.

### II.

■ The only remaining issue is whether or not relief under Rule 60.02 is appropriate on the facts of this case. This court has traditionally employed a four-prong test in determining whether or not to grant relief under Rule 60.02. Under this test, the party seeking relief under the rule must demonstrate: (1) a reasonable defense on the merits; (2) a reasonable excuse for his or her failure to act; (3) that he acted with due diligence after notice of the entry of judgment; and (4) that no substantial prejudice will result to the opposing party if the motion to vacate is granted. *Finden,* 268 Minn. at 271, 128 N.W.2d at 750; *Charson v. Temple Israel,* 419 N.W.2d 488, 491 (Minn.1988). All four of the *Finden* factors must be satisfied in order to justify relief under the rule. *See Charson,* 419 N.W.2d at 491–92.

■ The district court's extensive comments in ruling on State Farm's motion to vacate are instructive to our resolution of the issue. The court concluded that absent the strict 20–day limitations of Rule 114.09,

---

5. We acknowledge that David F. Herr, who served as reporter for the task force and currently publishes annotations of the General Rules, reached the opposite conclusion in his annotations. Herr writes in discussing Rule 114.09, "This rule is intended to limit significantly the available grounds [for] attacking the judgment. This rule supersedes Minn. R. Civ. P. 60 in this

regard * * *." David F. Herr & Laurie A. Kindel, 3A *Minnesota Practice: General Rules of Practice Annotated,* § 114.10 at 108 (1996). However, we note that because Herr's comment did not appear in earlier versions of his annotations, it likely reflects his response to the district court's decision in this case.

"there might well be grounds" for the court to grant relief from the judgment.

If the matter were discretionary with the Court, I believe this would be an appropriate case for the exercise of discretion for these reasons: The failure of Defendant to file a request for trial was inadvertent and appears merely to be the result of an oversight. * * *. Moreover, Defendant acted with diligence upon learning of the oversight. Plaintiff was not prejudiced by the events that occurred, as both parties acted as if the case were going back to the trial calendar. Further, Defendant argues that the award is excessive, and cites the fact that the tortfeasor's insurer settled for $22,500.00, an amount under the policy limits. Defendant points out that Plaintiff has a history of accidents, both auto and work-related, and finally that Plaintiff's vehicle suffered damages in the amount of $197.00.

Based on our review of the record, we conclude that only the "reasonable excuse" factor is at issue. Counsel for State Farm stated that he "instructed his legal assistant to file a Request for Trial De Novo to perfect an appeal of the arbitrator's award." Precisely what happened to the original is unclear; counsel's affidavit merely states that his "legal assistant failed to file the original with the court."

Our case law reflects a strong policy favoring the granting of relief when judgment is entered through no fault of the client: "[E]ven in those cases where a court has held the neglect of a client's attorney to be inexcusable, if such neglect has been purely that of counsel, ordinarily courts are loath to 'punish' the innocent client for the counsel's neglect." *Charson*, 419 N.W.2d at 491.

State Farm cites the court of appeals decision in *Lund v. Pan American Mach. Sales*, 405 N.W.2d 550, 553–54 (Minn.App.1987), in support of its claim for relief under Rule 60.02. On closely corresponding facts, the *Lund* panel granted relief stating, "[The client] should not be the victim of his attorney's carelessness." *Id.* at 554 (citation omitted). We agree. Because we conclude that, like Lund, State Farm is an innocent client

and has met the four-prong *Finden* standard, we believe relief is appropriate in this case.

Reversed and order for judgment vacated.