*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1693**

Rocon, Inc.,
Respondent,

vs.

EDR Limited,
Appellant.

**Filed June 6, 2016
Affirmed
Johnson, Judge**

Steele County District Court
File No. 74-CV-15-1343

James E. Blaney, Blaney & Ledin, Ltd., Lake Elmo, Minnesota (for respondent)

Joseph J. Mihalek, Thomas R. Witt, Fryberger, Buchanan, Smith & Frederick, P.A., Duluth, Minnesota (for appellant)

Considered and decided by Reilly, Presiding Judge; Connolly, Judge; and Johnson, Judge.

## U N P U B L I S H E D   O P I N I O N

**JOHNSON**, Judge

An arbitrator determined that EDR Limited is liable to Rocon, Inc., for more than $400,000 in damages on a claim of breach of contract. EDR moved to vacate the arbitration award. The district court denied the motion on the ground that it is untimely. We affirm.

**FACTS**

In 2013, Rocon was the general contractor on a project to renovate a power plant owned by the City of Owatonna. In July 2013, Rocon and EDR entered into a subcontract agreement. EDR agreed to "furnish all labor, material, skill and equipment" for several structural elements of the project, and Rocon agreed to pay EDR $1,470,000. The subcontract agreement provided that disputes between the parties would be resolved by arbitration through the American Arbitration Association (AAA).

In the spring of 2014, before the construction project was completed, a dispute arose between Rocon and EDR. Rocon took over the work that had been subcontracted to EDR. On July 10, 2014, Rocon submitted an arbitration demand to AAA in which it alleged that EDR committed a breach of contract. Rocon mailed a copy of the demand to EDR. Rocon did not use the mailing address for EDR that is stated in the parties' agreement, which is a post-office box in Siren, Wisconsin. Rather, Rocon used a street address in Siren that its attorney's paralegal found on the internet, an address that EDR asserts has not been in use for more than 30 years. Because of Rocon's mistake, EDR did not receive the arbitration demand from Rocon.

On July 22, 2014, AAA sent a letter to both parties to acknowledge receipt of Rocon's arbitration demand and to provide information concerning AAA's procedures. AAA sent the letter only by e-mail. For EDR, AAA used a personal e-mail address belonging to Gary Pavlicek, EDR's president. But Pavlicek did not receive the e-mail message and letter. He later executed an affidavit stating, "At the time of the arbitration, incoming e-mails that may have related to the . . . project were blocked from my incoming

2

e-mail and I would not have received any e-mail notification from Plaintiff or the Arbitration provider."

On October 15, 2014, the arbitrator conducted a preliminary hearing. Rocon appeared through counsel. EDR did not appear. The arbitrator's report of the preliminary hearing states that an arbitration hearing was scheduled for January 7, 2015.

On January 6, 2015, AAA sent a letter to both parties stating that the arbitration hearing was rescheduled for January 30, 2015, at Rocon's request. AAA sent the letter to EDR by e-mail, but Pavlicek again did not receive the e-mail message. AAA also sent the letter by U.S. mail to the EDR at its post-office box in Siren. The letter was mailed first-class, certified, with a return receipt requested.

On January 15, 2015, EDR's attorney contacted the City of Owatonna on behalf of EDR to inquire into another matter related to the city's project. The city responded by saying that EDR's request for information would be forwarded to Rocon.

On January 30, 2015, the arbitrator conducted an arbitration hearing. Rocon appeared. EDR did not appear.

On February 5, 2015, Rocon's attorney contacted EDR's attorney to respond to EDR's inquiry with the city. In the course of that communication, Rocon's attorney informed EDR's attorney that an arbitration hearing on the dispute between Rocon and EDR had occurred. Later that day, Rocon's attorney sent EDR's attorney copies of several documents related to the arbitration proceedings, including the general contract, the subcontract agreement, and the arbitration demand.

Also on February 5, 2015, AAA sent a letter to both parties stating that an arbitration hearing had been held on January 30, 2015, and that the record was closed as of that date. AAA sent the letter to EDR both by e-mail, to Pavlicek's personal e-mail address, and by U.S. mail, first-class, certified, with a return receipt requested, to EDR's post-office box in Siren.

On February 19, 2015, AAA sent a letter to both parties stating that the arbitration hearing had been reopened to allow EDR to respond to or comment on Rocon's amended arbitration demand. The AAA enclosed copies of four exhibits that had been introduced at the January 30 hearing. The AAA's letter stated that EDR could submit a response by March 2, 2015, at which time the record again would be closed. AAA again sent the letter to EDR both by e-mail, to Pavlicek's personal e-mail address, and by U.S. mail, first-class, certified, with a return receipt requested, to EDR's post-office box in Siren. The district court record includes a U.S. Postal Service tracking document for the AAA's February 19, 2015 letter, which shows that the letter arrived at the Siren post office on February 23, 2015, and remained there, unclaimed, until March 3, 2015, when it was returned to sender.

On March 12, 2015, AAA sent a letter to both parties stating that EDR had not responded to or commented on Rocon's amended arbitration demand, that the hearing again was closed, and that the arbitrator would issue a decision by April 1, 2015. AAA again sent the letter to EDR both by e-mail, to Pavlicek's personal e-mail address, and by U.S. mail, first-class, certified, with a return receipt requested, to EDR's post-office box in Siren.

On April 1, 2015 the arbitrator issued a written decision awarding Rocon $410,542.16 in damages and $8,100.00 in fees and expenses, for a total award of $418,642.16. On the same day, the AAA sent the decision to the parties with a cover letter. AAA again sent the letter and decision to EDR both by e-mail, to Pavlicek's personal e-mail address, and by U.S. mail, first-class, certified, with a return receipt requested, to EDR's post-office box in Siren. The district court record includes a U.S. Postal Service tracking document for the AAA's April 1, 2015 letter and enclosure, which shows that the letter arrived at the Siren post office on April 4, 2015, and remained there, unclaimed, until April 20, 2015, when it was returned to sender.

On June 29, 2015, Rocon commenced an action in the Steele County District Court and moved to confirm the arbitration award. On July 13, 2015, EDR responded to Rocon's motion and moved to vacate the arbitration award. In its memoranda, EDR argued that the arbitration award should be vacated because EDR was not served with the arbitration demand and did not receive notice of the arbitration proceeding until after the arbitration hearing. Rocon submitted a memorandum in which it argued that EDR received notice of the arbitration proceeding from AAA and, furthermore, that EDR's motion to vacate is untimely.

On August 25, 2015, the district court denied EDR's motion to vacate on the ground that it is untimely because it was served and filed more than 90 days after EDR received notice of the arbitration award. The district court granted Rocon's motion to confirm. EDR appeals.

**D E C I S I O N**

EDR argues that the district court erred by denying its motion to vacate the arbitration award on the ground that the motion is untimely.

This appeal is governed by the Minnesota Uniform Arbitration Act (MUAA), Minn. Stat. §§ 572B.01-.31 (2014). Under the MUAA, a party to an arbitration award "may file a motion with the court for an order confirming the award, at which time the court shall issue such an order unless the award is modified or corrected pursuant to section 572B.20 or 572B.24 or is vacated pursuant to section 572B.23." Minn. Stat. § 572B.22. A party to an arbitration award may move to vacate the award on any of six specified grounds. Minn. Stat. § 572B.23. A motion to vacate generally "must be filed within 90 days after the movant receives notice of the award." *Id.*, § 572B.23(b). But if "the motion is predicated upon the ground that the award was procured by corruption, fraud, or other undue means," the motion to vacate "must be filed within 90 days after such a ground is known or by the exercise of reasonable care should have been known by the movant." *Id.*; *see also Great Am. Ins. Cos. v. LeMieux*, 439 N.W.2d 733, 734 (Minn. App. 1989) (applying older version of act and concluding that corruption, fraud, or other undue means are only exceptions to 90-day limit), *review denied* (Minn. July 12, 1989). "If a motion to vacate an award is denied and a motion to modify or correct the award is not pending, the court shall confirm the award." Minn. Stat. § 572B.23(d).

**A.**

EDR contends that it filed its motion to vacate "within 90 days after [receiving] notice of the award." *See* Minn. Stat. § 572B.23(b). The MUAA provides a detailed definition of "notice":

> Unless the parties to an agreement to arbitrate otherwise agree or except as otherwise provided in sections 572B.01 to 572B.31, a person gives notice to another person by taking action that is reasonably necessary to inform the other person in the ordinary course of business, whether or not the other person acquires knowledge of the notice. A person has notice if the person has knowledge of the notice or has received notice. *A person receives notice when it comes to the person's attention or the notice is delivered at the person's place of residence or place of business, or at another location held out by the person as a place of delivery of such communications.*

Minn. Stat. § 572B.02 (emphasis added).

In support of its primary contention, EDR asserts that it was not aware of the arbitration award until the week of June 29 to July 3, 2015, when Rocon moved to confirm. That time period is well within 90 days of EDR's motion to vacate. The district court, however, determined that EDR received notice of the award on April 4, 2015, the date on which the AAA's letter enclosing a copy of the arbitration award arrived at the Siren post office.

The record shows that AAA sent a copy of the arbitration award to EDR both by e-mail and by U.S. mail, first-class, certified, with return receipt requested. The mailing was addressed to EDR at its post-office box in Siren. That post-office box is described as the mailing address for EDR in the parties' subcontract agreement. Because EDR used its Siren post-office box in the parties' written subcontract agreement, that mailing address is

7

a "location held out by the person as a place of delivery of such communications." *See id.* The evidence in the record reveals that the AAA's mailing arrived at the post office in Siren on April 4, 2015, and was available to EDR there for 16 days. That evidence is sufficient to establish that EDR "receive[d] notice" of the arbitration award on April 4, 2015. *See id.*

EDR seeks to avoid that conclusion by contending that the arbitration award was not "actually received" until July 2015. But that contention ignores the language of the statute, which recognizes that notice of an arbitration award may be deemed to have been received even if it was not actually received. *See id.* EDR also contends that Rocon prevented EDR from receiving notice earlier by "remaining silent" about the arbitration proceedings. That contention also ignores the language of the statute and, furthermore, ignores the fact that Rocon's attorney voluntarily informed EDR's attorney of the pendency of the arbitration proceeding before the award was issued. EDR does not explain why it did not take advantage of that information by contacting the AAA or taking other measures to ensure that its interests in the arbitration proceeding were protected.

Thus, the district court did not err by concluding that EDR's motion to vacate is untimely because it was served and filed more than 90 days after EDR received notice of the arbitration award.

**B.**

EDR also contends that its motion to vacate is not untimely because it is within the exception for a motion that "is predicated upon the ground that the award was procured by corruption, fraud, or other undue means" and was "filed within 90 days after such a ground

8

is known or by the exercise of reasonable care should have been known by the movant." *See* Minn. Stat. § 572B.23(b).

The district court rejected this theory by stating that the evidence does not support a finding that Rocon committed fraud. EDR contends that, even if it has not established fraud, it has established "other undue means." EDR asserts that Rocon procured the arbitration award through "undue means" by sending the arbitration demand to an incorrect mailing address and thereafter avoiding contact with EDR. In the context of a motion to vacate an arbitration award, "undue means" exists if a party engages in *ex parte* contacts with an arbitrator or if the arbitrator has an undisclosed conflict of interest. *See Crosby-Ironton Fed'n of Teachers, Local 1325 v. Independent Sch. Dist. No. 182*, 285 N.W.2d 667, 670 (Minn. 1979); *Northwest Mech., Inc. v. Public Utils. Comm'n*, 283 N.W.2d 522, 523-24 (Minn. 1979); *Beebout v. St. Paul Fire & Marine Ins. Co.*, 365 N.W.2d 271, 274 (Minn. App. 1985), *review denied* (Minn. May 31, 1985). There is no allegation or evidence of improper *ex parte* contact in this case and no allegation or evidence that the arbitrator had an undisclosed conflict of interest. There is no other evidence of any conduct that previously has been recognized to be undue means. The only way to conclude that Rocon engaged in undue means would be to reason that Rocon had an affirmative duty to prevent EDR's default. But EDR has not identified such a duty in the context of an arbitration proceeding, and there is no such general duty in an adversary system, in which each attorney owes a duty of loyalty to his or her client.

9

Thus, the district court did not err by concluding that EDR's motion to vacate does not satisfy the exception for a motion asserting that an arbitration award was procured by undue means.

## C.

EDR makes a few other contentions, which we will discuss only briefly. EDR contends that the arbitration award must be vacated on the grounds that the arbitrator lacked personal jurisdiction over EDR because the arbitration demand was not properly served on EDR, that the district court's denial of its motion to vacate is a deprivation of due process, that Rocon did not comply with the requirements of service of process in a civil action, that the arbitrator exceeded her power by making an award without EDR's participation, and that Rocon was required to seek an order to compel arbitration when EDR did not respond to the arbitration demand and did not participate in arbitration proceedings. These arguments must be made in a motion to vacate, but EDR's motion to vacate is untimely. *See* Minn. Stat. § 572B.23. Therefore, we cannot consider the arguments.

In sum, the district court did not err by denying EDR's motion to vacate the arbitration award and by granting Rocon's motion to confirm the arbitration award.

**Affirmed.**